# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Santos Dellior, Jr.,                         :
                           Petitioner        :
                                             :
               v.                            :
                                             :
Pennsylvania Board of                        :
Probation and Parole,                        :    No. 183 C.D. 2016
                           Respondent        :    Submitted: September 23, 2016


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                  FILED: December 6, 2016


        Santos Dellior, Jr. (Dellior) petitions this Court for review of the
Pennsylvania Board of Probation and Parole's (Board) January 8, 2016 order denying
his request for administrative relief.  Essentially, Dellior presents one issue for this
Court's review: whether the Board properly calculated his new maximum sentence
release date as October 23, 2017.[1]  After review, we affirm.

        Dellior is currently an inmate at State Correctional Institution-Mahanoy
(SCI-Mahanoy).  On September 4, 2008, the Board paroled Dellior from a 3 to 6-year
sentence for manufacturing/sale/delivery or possession with intent to deliver a
controlled substance (Original Sentence).   At that time, his maximum sentence date

---

[1] In his "Questions Presented" and "Argument" sections of his brief, Dellior also presented
the issue of whether the Board failed to exercise reasonable diligence in sanctioning him in a speedy
manner.  Dellior Br. at 4, 12-13.  However, because Dellior did not raise that issue to the Board, it is
waived.  *Reavis v. Pa. Bd. of Prob. & Parole,* 909 A.2d 28 (Pa. Cmwlth. 2006).

was April 7, 2011. Before his December 10, 2008 release on parole, Dellior agreed to conditions governing his parole, including:

> If you are convicted of a crime committed while on parole /reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

Certified Record (C.R.) at 12.

On March 26, 2011, the Upper Moreland Police Department arrested Dellior on drug, forgery, identity theft and child welfare endangerment charges. On March 27, 2011, the Montgomery County Common Pleas Court (trial court) set bail for $25,000.00 which Dellior did not post and, thus, remained incarcerated. On March 28, 2011, the Board lodged a warrant to commit and detain Dellior based on the new charges. Dellior posted bail on April 4, 2011, and the Board lifted its detainer on April 7, 2011 (Dellior's Original Sentence maximum release date).

On August 8, 2013, Dellior pled guilty to the March 26, 2011 drug charge. On September 4, 2013, the Board re-lodged its warrant to commit and detain Dellior. On September 12, 2013, the Board provided Dellior with a notice of charges and notice of the Board's intent to hold a parole revocation hearing. On September 17, 2013, the Board held the revocation hearing at the Philadelphia County prison, at which Dellior was represented by counsel, and he admitted to his Montgomery County conviction. On September 18, 2013, the trial court revoked Dellior's bail. Dellior was transferred to SCI-Mahanoy on October 3, 2013. On September 19, 2013, the Board Hearing Examiner voted and, on October 14, 2013, the Board Member voted to recommit Dellior as a convicted parole violator (CPV), and to deny him credit for time he spent at liberty on parole. By decision recorded October 17,

2013 (mailed October 31, 2013), the Board formally recommitted Dellior as a CPV, when available, pending his Montgomery County sentencing.

By July 30, 2014 decision, the Board recommitted Dellior as a CPV to serve 12 months backtime. On September 5, 2014, the trial court sentenced Dellior to 11½ to 23 months in county prison, although Dellior remained in the Department of Corrections' custody. By decision recorded August 11, 2015 (mailing date unknown), the Board modified its July 30, 2014 decision by placing Dellior into "when available" status, pending his parole from or completion of his Montgomery County sentence. On August 20, 2015,[2] Dellior was paroled from his Montgomery County sentence. By September 30, 2015 recommitment order, based on his August 20, 2015 parole, the Board recalculated Dellior's Original Sentence maximum release date to October 23, 2017.

The Board calculated Dellior's new maximum sentence release date as follows. When Dellior was released on parole on December 10, 2008, his maximum sentence release date was April 7, 2011 and, thus, he owed 848 days of backtime toward his Original Sentence. The Board provided Dellior with 73 days of backtime credit. Specifically, Dellior received 3 days of credit for the period of April 4, 2011 (when he posted bail) to April 7, 2011 (when the Board lifted its detainer). Dellior also received 70 days of credit for the period of July 1, 2015 (the date he completed his Montgomery County sentence) to September 9, 2015 (the date he was released on parole because he reached the Montgomery County maximum release date).[3] Notwithstanding the effective date of Dellior's Montgomery County sentence, Dellior completed his Montgomery County sentence before his parole date due to his pre-sentence incarceration. Accordingly, all time Dellior spent incarcerated after he

---

[2] Although Dellior's "parole" date was August 20, 2015, his parole "release" date was September 9, 2015. Thus, September 9, 2015, is the date used for credit calculation purposes.

[3] Although Dellior was paroled from his Montgomery County sentence, he remained incarcerated due to his Original Sentence.

3

completed his Montgomery County sentence must be credited to his Original Sentence. Crediting 73 days against 848 days of backtime resulted in Dellior owing 775 days toward his Original Sentence. Dellior became available to begin serving the backtime on his Original Sentence when he was released on parole on September 9, 2015. Adding 775 days to September 9, 2015 resulted in Dellior's new October 23, 2017 Original Sentence maximum release date.

On November 5, 2015, Dellior, pro se, submitted an Administrative Remedies Form challenging the Board's decision recorded September 30, 2015 (mailed October 16, 2015), which formally recommitted Dellior as a CPV. On January 8, 2016, the Board denied Dellior's request for administrative relief. Dellior appealed to this Court.[4]

Dellior argues that the Board miscalculated his new maximum sentence release date as October 23, 2017. Specifically, Dellior contends that he has been incarcerated from August 8, 2013 to September 9, 2015, for a total of 763 days. Dellior claims that because the effective date of his Montgomery County sentence was September 5, 2014, and he was paroled from that sentence on September 9, 2015, only 369 days should be deducted from his time served on his Original Sentence for his Montgomery County sentence. Thus, Dellior maintains he is entitled to 394 days accreditation, not 73 days. We disagree.

Dellior was arrested on the Montgomery County charges on March 26, 2011. *See* C.R. at 51. The trial court set bail on March 27, 2011. *See* C.R. at 35. The Board lodged its detainer on March 28, 2011. *See* C.R. at 70. Dellior posted bail on April 4, 2011. *See* C.R. at 50. "[W]here an offender is incarcerated on both a

---

[4] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

4

Board detainer and new criminal charges, all time spent in confinement **must be credited to either the new sentence or the original sentence**." *Martin v. Pa. Bd. of Prob. & Parole,* 840 A.2d 299, 309 (Pa. 2003) (emphasis added).

> Further,
>
> [our] Supreme Court held that 'time spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term . . . **only when the parolee was eligible for and had** *satisfied bail requirements for the new offense* **and thus remained incarcerated only by reason of the detainer warrant lodged against him**.' *Gaito* [*v. Pa. Bd. of Prob. & Parole*], . . . 412 A.2d [568,] 571 [(Pa. 1980)] (quoting *Rodriques v.* [*Pa.*] [*Bd.*] *of Prob*[.] [*&*] *Parole,* . . . 403 A.2d 184, 185–86 ([Pa. Cmwlth.] 1979)) (emphasis added).

*Armbruster v. Pa. Bd. of Prob. & Parole,* 919 A.2d 348, 352 (Pa. Cmwlth. 2007) (bold emphasis added). Thus, because Dellior did not post bail until April 4, 2011, the time he spent incarcerated between March 27, 2011 and April 4, 2011, must be credited to Dellior's Montgomery County sentence. Moreover, Section 9760 of the Judicial Code provides, in pertinent part:

> After reviewing the information submitted under [S]ection 9737 [of the Judicial Code] (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. **Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal**.

42 Pa.C.S. § 9760 (emphasis added).

Because the Board lifted its detainer on April 7, 2011, Dellior's Original Sentence maximum date, *see* C.R. at 11, any time Dellior spent incarcerated

thereafter was credited to his Montgomery County sentence. Therefore, although Dellior's Montgomery County sentence was effective September 5, 2014, and he was paroled therefrom on September 9, 2015, he completed his Montgomery County sentence on July 1, 2015 due to his pre-sentence incarceration. *See* C.R. at 146-147. Accordingly, after attributing the correct credit for time served on Dellior's Montgomery County sentence, the balance was properly credited to his Original Sentence, i.e., 73 days.

For all of the above reasons, the Board's order is affirmed.


_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Santos Dellior, Jr.,             :
            Petitioner    :
                            :
         v.               :
                            :
Pennsylvania Board of       :
Probation and Parole,        :    No. 183 C.D. 2016
            Respondent   :

## O R D E R

AND NOW, this 6th day of December, 2016, the Pennsylvania Board of Probation and Parole's January 8, 2016 order is affirmed.

_____
ANNE E. COVEY, Judge