IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jerome Abdul Kemp, : 
                Petitioner : 
                : 
            v. : 
                : 
Pennsylvania Board of : 
Probation and Parole, : No. 206 C.D. 2016
             Respondent : Submitted: October 28, 2016


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                        FILED: January 12, 2017


Jerome Abdul Kemp (Kemp) petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) February 1, 2016 decision denying his request for administrative relief. Kemp presents two issues for this Court's review: (1) whether the Board improperly modified Kemp's judicially-imposed sentence by changing his maximum sentence release date; and (2) whether the Board abused its discretion by failing to give Kemp credit for the time he spent at liberty on parole, specifically the 3 months he spent in a treatment facility and the 19 months and 20 days he was incarcerated in the county jail.[1] After review, we vacate the Board's order and remand this case to the Board.

---

[1] In the "Statement of the Question[s] Involved" and "Argument" sections of Kemp's brief, he added that the Board should have considered his cooperation with authorities in solving a murder case. Kemp Br. at 8, 14. However, since there is no mention of the cooperation in Kemp's request for administrative relief to the Board, or in his Petition for Review filed with this Court, the issue of whether the Board abused its discretion by not giving consideration to Kemp's cooperation is waived. *See Reavis v. Pa. Bd. of Prob. & Parole,* 909 A.2d 28 (Pa. Cmwlth. 2006).

Kemp is currently an inmate incarcerated at the State Correctional Institution at Graterford. On April 30, 2010, the Board voted to parole Kemp from a 6½ to 13-year sentence for drug offenses (Original Sentence).[2] At that time, his maximum sentence release date was July 27, 2012. Before his May 2, 2010 parole release, Kemp agreed to conditions governing his parole, including:

> If you are convicted of a crime committed while on parole /reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

Certified Record (C.R.) at 43.

On December 7, 2010, the Norristown Police Department arrested Kemp on firearms, receiving stolen property, recklessly endangering another person and simple assault charges (New Charges). That same date, the Board lodged a warrant to commit and detain Kemp based on the New Charges. The Board lifted its detainer on July 27, 2012, Kemp's Original Sentence maximum release date. On August 15, 2012, Kemp posted bail on the New Charges.

On November 26, 2013, Kemp pled guilty to the December 7, 2010 firearms charge and was sentenced to 1 to 12 months' incarceration in county prison. On July 7, 2015, the Board re-lodged its warrant to commit and detain Kemp. On July 9, 2015, the Board provided Kemp with a notice of charges and notice of the Board's intent to hold a parole revocation hearing. On July 20, 2015, the Board held the revocation hearing at the Montgomery County prison. On August 13 and October 4, 2015, the Board members voted to recommit Kemp as a convicted parole violator (CPV), and to deny him credit for time spent at liberty on parole. By decision

---

[2] Although the Board voted on April 30, 2010 to parole Kemp, his actual release date was May 2, 2010. Thus, May 2, 2010 is the date used for credit calculation purposes.

recorded October 16, 2015 (mailed November 3, 2015), the Board recommitted Kemp as a CPV to serve 18 months' backtime, and recalculated his maximum sentence release date to October 1, 2017.[3]

On November 17, 2015, Kemp submitted pro se an administrative appeal challenging the Board's decision recorded October 16, 2015 (mailed November 3, 2015) recommitting Kemp as a CPV. On February 1, 2016, the Board denied Kemp's request for administrative relief. Kemp appealed to this Court.[4]

Kemp first argues that the Board improperly modified Kemp's judicially-imposed sentence by changing his maximum sentence release date.

This Court recognizes that "[t]he Board can only require that a parolee serve the remaining balance of his unexpired term since the Board does not have the power to alter a judicially-imposed sentence." *Yates v. Pa. Bd. of Prob. & Parole*, 48 A.3d 496, 502 (Pa. Cmwlth. 2012) (quoting *Savage v. Pa. Bd. of Prob. & Parole*, 761 A.2d 643, 645 (Pa. Cmwlth. 2000)). However, "when a parolee is recommitted due to criminal conviction, his maximum sentence date may be extended to account for all street-time,[5] regardless of good or delinquent standing." *Richards v. Pa. Bd. of Prob. & Parole*, 20 A.3d 596, 599 (Pa. Cmwlth. 2011). The Pennsylvania Supreme Court has specifically held that the Board's authority to extend maximum term expiration dates under such circumstances does not usurp the courts' sentencing functions, or violate a parolee's due process rights. *See Gaito v. Pa. Bd. of Prob. &*

---

[3] The Board calculated Kemp's new maximum sentence release date by subtracting his parole date (May 2, 2010) from his Original Sentence maximum release date (July 27, 2012), which left 817 days Kemp owed toward his backtime. Adding 817 days to the Board's warrant date (July 7, 2015) resulted in Kemp's October 1, 2017 maximum sentence release date.

[4] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

[5] "'Street time' is a term for the period of time a parolee spends at liberty on parole." *Dorsey v. Pa. Bd. of Prob. & Parole*, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004).

3

*Parole,* 412 A.2d 568 (Pa. 1980).[6]  Thus, the Board's recalculation of Kemp's maximum sentence release date did not improperly alter his judicially-imposed sentence.

Kemp next contends that the Board abused its discretion when it failed to give Kemp credit for the time he spent at liberty on parole, specifically the 3 months he was in a treatment facility and the 19 months and 20 days he spent incarcerated in county jail.

Initially, Section 6138(a) of the Parole Code states, in relevant part:

**Convicted violators.**--

(1) A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.

(2) **If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to**

---

[6] The Parole Code was consolidated and became effective on October 13, 2009.  *Gaito* was based upon Section 21.1 of what was commonly known as the Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *formerly* 61 P.S. § 331.21a(a), repealed by the Act of August 11, 2009, P.L. 147.  Section 21.1(a) of the Parole Act similarly stated:

> Any parolee under the jurisdiction of the [Board] released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which . . . he pleads guilty . . . in a court of record, may, at the discretion of the [B]oard, be recommitted as a parole violator.  If his recommitment is so ordered, **he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole** . . . .

(Emphasis added).

4

**serve had the parole not been granted and**, except as provided under paragraph (2.1), **shall be given no credit for the time at liberty on parole**.

(2.1) **The [B]oard may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole**, unless any of the following apply:

> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in [Section 9714(g) of the Sentencing Code,] 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

> (ii) The parolee was recommitted under [S]ection 6143 [of the Parole Code] (relating to early parole of inmates subject to Federal removal order).

61 Pa.C.S. § 6138(a) (text emphasis added).

> Hence, the Board's exercise of discretion under [S]ection 6138(a) of the Parole Code is two-fold. First, the Board must determine whether to recommit a parole violator. Second, when recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term, but **the Board may, in its discretion, award the parolee credit.**

*Pittman v. Pa. Bd. of Prob. & Parole,* 131 A.3d 604, 609 (Pa. Cmwlth.) (emphasis added), *appeal granted*, 137 A.3d 572 (Pa. 2016).

This Court has held that where the Board has been presented with the choice to award a parolee street time credit, the Board exercises its discretion by checking the "no" box on the hearing report. *Pittman*. This Court explained:

> Based upon its plain language, there are no statutory standards in [S]ection 6138(a)(2.1) of the Parole Code that define or curtail how, when, or in what manner discretion should or must be exercised. It is well-settled that this Court cannot supply such guideposts as a matter of judicial construction. *Commonwealth v. Rieck Inv*[.] *Corp., . . .* 213

5

A.2d 277, 282 ([Pa.] 1965) ('[I]t is not for the courts to add, by interpretation, to a statute, a requirement which the legislature did not see fit to include.'). Ultimately, the absence of statutory standards further supports the conclusion that the Board's checking of 'no' on the hearing report demonstrates that the Board fully exercised the discretion that the legislature afforded to it under [S]ection 6138 of the Parole Code. Therefore, [the] argument that the Board failed to exercise discretion is refuted by the record and the statutory language and scheme contained in [S]ection 6138 of the Parole Code.

*Pittman*, 131 A.3d at 611.

Here, because the Board checked the "no" box on Kemp's hearing report, it clearly exercised its discretion when it determined that Kemp was not entitled to credit for his time at liberty on parole. *See* C.R. at 113. Accordingly, the Board did not abuse its discretion by failing to credit Kemp for the time he spent at liberty on parole.

Kemp also asserts that the Board abused its discretion by failing to award him credit for the time he spent at the Gaudenzia House West Chester (Gaudenzia House), a residential drug and alcohol treatment facility.[7]

The law is well-settled that a parolee may be entitled to backtime credit for time spent in a residential facility if the inmate demonstrates that the residential facility's characteristics are equivalent to incarceration. *Cox v. Pa. Bd. of Prob. & Parole,* 493 A.2d 680 (Pa. 1985); *see also Harden v. Pa. Bd. of Prob. & Parole*, 980 A.2d 691 (Pa. Cmwlth. 2009) (en banc). Notwithstanding, the Board failed to address Kemp's time spent at Gaudenzia House. Further, since the Board did not hold a hearing, there is no record evidence on which the Board could or this Court can consider Gaudenzia House's custodial nature. "We are therefore left with the

---

[7] The Board claims that Kemp has waived this issue by not raising it before the Board. *See* Board Br. at 8-9. However, our review of Kemp's request for administrative relief reveals that Kemp raised this issue to the Board. *See* C.R. at 128.

need for a factual determination as to the nature of the [Gaudenzia House] program and whether the restrictions on [Kemp's] liberty there were the equivalent of incarceration entitling him to credit for the time spent in the program." *Cox,* 493 A.2d at 683. Under circumstances in which the Board has not provided a sufficiently-developed record, remand is appropriate. *See Cox; see also McNally v. Pa. Bd. of Prob. & Parole*, 940 A.2d 1289 (Pa. Cmwlth. 2008). Thus, we remand this matter to the Board to conduct an evidentiary hearing to determine whether Gaudenzia House's restrictions were equivalent to incarceration.[8]

Finally, Kemp argues that the Board abused its discretion when it failed to credit him for the 19 months and 20 days he spent incarcerated in county jail on the Board's detainer.[9]

"[W]here an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement **must be credited to either the new sentence or the original sentence**." *Martin v. Pa. Bd. of Prob. & Parole,* 840 A.2d 299, 309 (Pa. 2003) (emphasis added). Further,

> [our] Supreme Court held that 'time spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term . . . **only when the parolee was eligible for and had *satisfied bail***

---

[8] In *Cox*, the Pennsylvania Supreme Court emphasized:

> It is appellant's burden, on remand, to show the specific characteristics of the . . . program that constituted restrictions on his liberty sufficient to warrant credit on his recomputed backtime, and persuade the Board of that fact. . . .
>
> [T]he Board must help in providing a record which makes effective appellate review possible.

*Id.* at 683.

[9] The Board agrees that Kemp was not properly credited for his pre-trial custodial time and thus requests a remand for the Board to properly credit Kemp and recalculate his Original Sentence maximum release date.

> *requirements for the new offense* **and thus remained incarcerated only by reason of the detainer warrant lodged against him**.' *Gaito,* . . . 412 A.2d at 571 (quoting *Rodriques v.* [*Pa.*] [*Bd.*] *of Prob*[.] [*&*] *Parole,* . . . 403 A.2d 184, 185-86 ([Pa. Cmwlth.] 1979)) (emphasis added).

*Armbruster v. Pa. Bd. of Prob. & Parole,* 919 A.2d 348, 352 (Pa. Cmwlth. 2007) (bold emphasis added).

Here, because the Board lodged its detainer on the same day that Kemp was arrested on the New Charges, and Kemp did not post bail until after the detainer was lifted, Kemp was never detained solely on the Board's warrant. However, because Kemp's new sentence maximum of 1 year, is shorter than the time he spent in custody awaiting trial on the New Charges, Kemp is entitled to credit toward his Original Sentence under *Martin.* Thus, subtracting a year (365 days) from the 19 months and 20 days (598 days) Kemp spent in pre-trial custody, results in 7 months and 20 days (233 days) for which Kemp is entitled to credit on his Original Sentence. Accordingly, we remand this matter to the Board to properly credit Kemp for his pre-trial custodial time and recalculate his Original Sentence maximum release date.

For all of the above reasons, the Board's order is vacated, and the matter is remanded to the Board to conduct an evidentiary hearing to determine whether Kemp should be awarded credit for his time spent at Gaudenzia House, and for the Board to recalculate Kemp's Original Sentence maximum release date based on credit for Kemp's time spent at Gaudenzia House, if warranted, and his pre-trial custodial time.[10]

_____
ANNE E. COVEY, Judge

---

[10] It appears, upon recalculation for the time Kemp spent in pre-trial custody, that Kemp's new Original Sentence maximum release date will be near by the time this matter is remanded to the Board. If the Board determines that such is the case, this Court directs that Kemp's release date is not to be delayed by the scheduling and holding of an evidentiary hearing on his *Cox* issue.

Jerome Abdul Kemp,          :
         Petitioner      :
                              :
         v.           :
                              :
Pennsylvania Board of     :
Probation and Parole,      :    No. 206 C.D. 2016
         Respondent   :

## O R D E R

AND NOW, this 12th day of January, 2017, the Pennsylvania Board of Probation and Parole's (Board) February 1, 2016 decision is vacated, and the matter is remanded to the Board for further proceedings consistent with this opinion.

Jurisdiction is relinquished.

_____
ANNE E. COVEY, Judge