Tony Hayward,  :
                Petitioner    :
                              :
              v.             :
                                :
Pennsylvania Board of  :
Probation and Parole,  :   No. 1735 C.D. 2017
                Respondent   :   Submitted: May 11, 2018

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                          FILED: July 18, 2018

Tony Hayward (Hayward) petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) October 3, 2017 decision denying his request for administrative relief. Hayward presents four issues for this Court's review: (1) whether the Board abused its discretion in denying Hayward credit for time at liberty on parole; (2) whether the Board misapplied the presumptive range; (3) whether the Board correctly accounted for time served; and, (4) whether the Board miscalculated Hayward's new maximum sentence release date.[1] After review, we affirm.

Hayward is currently an inmate incarcerated at the State Correctional Institution (SCI) at Graterford. On September 7, 2009, Hayward was paroled from a 3 ½ to 10-year sentence for the manufacture, sale, delivery or possession with the intent to deliver a controlled substance (Original Sentence). Hayward's original

---

[1] The order of the issues presented has been changed for ease of addressing them.

maximum sentence release date was November 24, 2014. Before his release on parole, Hayward agreed to conditions governing his parole, including:

> If you are arrested on new criminal charges, the Board has the authority to lodge a detainer against you which will prevent your release from custody, pending disposition of those charges, even though you may have posted bail or been released on your own recognizance from those charges.
>
> If you violate a condition of your parole/reparole and, after the appropriate hearing(s), the Board decides that you are in violation of a condition of your parole/reparole you may be recommitted to prison for such time as may be specified by the Board.
>
> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

Certified Record (C.R.) at 7-8. Hayward did not object to the above-quoted parole conditions.

On October 20, 2011, Philadelphia police arrested Hayward for violations of the Pennsylvania Uniform Firearms Act of 1995 (Uniform Firearms Act)[2] (New Charges). On October 21, 2011, the Board lodged a detainer to commit and detain Hayward. Hayward posted bail on January 3, 2012, at which time he was transferred back to state custody until November 24, 2014 to continue serving time on his Original Sentence. At his preliminary arraignment, the Philadelphia County Common Pleas Court (trial court) set bail for the New Charges at $15,000.00 on

---

[2] 18 Pa.C.S. §§ 6101-6126.

October 21, 2011, which Hayward posted on December 2, 2014.[3] *See* C.R. at 65.[4] On June 26, 2016, Hayward was found guilty of Possession of a Firearm Prohibited, Firearms Not to be Carried Without a License and Carrying a Firearm in Public in Philadelphia, and on September 9, 2016, the trial court sentenced him to 3 years and 6 months to 7 years of incarceration. *See* C.R. at 66.

The Board lodged a warrant to commit and detain Hayward on June 29, 2016 for parole violations. On August 22, 2016, the Board provided Hayward with a notice of charges and a notice of intent to hold a parole revocation hearing. On August 26, 2016, the Board held the revocation hearing, at which Hayward was represented by counsel. The Board panel then voted to recommit Hayward as a convicted parole violator (CPV), and denied him credit for time spent at liberty on parole. By decision recorded September 12, 2016 (mailed September 27, 2016), the Board formally recommitted Hayward as a CPV. By September 14, 2016 recommitment order, the Board recalculated Hayward's Original Sentence maximum release date to October 17, 2018. By decision recorded on September 12, 2016 (mailed September 27, 2016), the Board formally recommitted Hayward to serve 18 months of backtime as a CPV with a maximum sentence release date of October 17, 2018. By decision recorded on June 20, 2017 (mailed September 22, 2017), the Board corrected Hayward's Original Sentence maximum release date to October 25, 2018 due to a technical error.

---

[3] The preliminary arraignment date is not part of the certified record. However, this Court may take judicial notice of information contained in the publicly-available docket in *Commonwealth v. Hayward* (Philadelphia County MC-51-CR-44853-2011). *See Deyarmin v. Consol. Rail Corp.*, 931 A.2d 1 (Pa. Super. 2007). Further, "[i]t is well settled that this Court may take judicial notice of pleadings and judgments in other proceedings where appropriate. This is particularly so where, as here, the other proceedings involve the same parties." *Lycoming Cty. v. Pa. Labor Relations Bd.*, 943 A.2d 333, 335 n.8 (Pa. Cmwlth. 2007) (citation omitted).

[4] From December 1, 2014 to June 29, 2016, the Board did not detain Hayward.

On October 7, 2016, Hayward submitted an Administrative Remedies Form challenging the Board's decision recorded September 12, 2016 (mailed September 27, 2016), which formally recommitted Hayward as a CPV. On October 3, 2017, the Board denied Hayward's request for administrative relief. Hayward thereafter appealed to this Court.[5]

Hayward argues that the Board abused its discretion and provided an inadequate reason for choosing to deny him credit for time at liberty on parole. The Board's obligation relative to denying a CPV credit for his time spent at liberty on parole was recently addressed by our Supreme Court in *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017).

The *Pittman* Court held:

As an initial matter, we hold that [S]ection 6138(a)(2.1) [of the Prisons and Parole Code (Parole Code), 61 Pa.C.S. § 6138(a)(2.1)] clearly and unambiguously grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence, except when the CPV is recommitted for the reasons stated in Subsections 6138(a)(2.1)(i) and (ii) [of the Parole Code]. In this case, [the a]ppellant[, like Hayward] was not recommitted for reasons enumerated in Subsections 6138(a)(2.1)(i) and (ii) [of the Parole Code]. Thus, . . . the Board unquestionably had the discretion to grant [the a]ppellant credit if it so desired. . . .

[W]e recognize that the Board has the broadest of discretion over many decisions regarding parolees and that . . . there is no explicit requirement that the Board must provide a contemporaneous statement explaining its decision in Subsection 6138(a)(2.1) [of the Parole Code]. However, Article V, Section 9 of the Pennsylvania Constitution grants all persons the right to appeal from an administrative

[5] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

4

> agency to a court of record. . . . This is consistent with inherent notions of due process. To the extent [the a]ppellant has a right to appeal, an appellate court hearing the matter must have [a] method to assess the Board's exercise of discretion. Accordingly, we hold that the Board must articulate the basis for its decision to grant or deny a CPV credit for time served at liberty on parole.

*Pittman*, 159 A.3d at 474. Further, "the reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances." *Id.* at n.12. Here, the Board's reason for denying Hayward credit for time at liberty on parole was that his "conviction involved possession of a weapon." C.R. at 99. Given the level of deference owed to the Board, its reason is sufficient to deny Hayward credit for time served at liberty on parole. Accordingly, we hold that the Board did not abuse its discretion.

Hayward further contends that the Board abused its discretion by imposing a period of backtime exceeding the maximum presumptive range. We disagree.

The Board recommitted Hayward based upon his three convictions under the Uniform Firearms Act. Section 75.2 of the Board's Regulations provides that: "Violation of **any** Provision of the [] Uniform Firearms Act" has a "[p]resumptive [r]ange" of "18 months to 24 months." 37 Pa. Code § 75.2 (emphasis added). Accordingly, Hayward's presumptive range maximum is 72 months (24 months for each conviction). The 18 months for which Hayward was recommitted falls well within the presumptive range for his convictions. Therefore, the Board did not abuse its discretion.

Hayward asserts that the Board failed to properly credit him for time served. We disagree. Section 9760(1) of the Judicial Code provides:

> Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison

5

sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1). Further,

The general rule governing the allocation of credit for time served awaiting disposition of [a] new criminal charge was established by our Supreme Court in *Gaito v. Pennsylvania Board of Probation and Parole*, . . . 412 A.2d 568 ([Pa.] 1980). The Supreme Court held that 'time spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term . . . only when the parolee was eligible for and had satisfied bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant lodged against him.' [*Id.*] at 571 (quoting *Rodriques v. P[a.] B[d.] of Prob[.] [&] Parole*, . . . 403 A.2d 184, 185-86 ([Pa. Cmwlth.] 1979)).

*Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348, 352 (Pa. Cmwlth. 2007).

Here, Hayward was credited for the time served between the date he posted bond and was transferred back to state custody to continue serving time on his Original Sentence, i.e., January 3, 2012,[6] and the date he was returned on the new sentence because he reached his Original Sentence maximum release date,[7] i.e.,

---

[6] In the Board's response to Hayward's request for relief from the Board decision mailed September 27, 2016, the Board identifies January 13, 2012 as the date Hayward posted bond. However, the Board's order to recommit states the dates upon which it determined Hayward's credit and it lists January 3, 2012 as the start date. Thus, the Board's decision appears to have a typographical error. C.R. at 80.

[7] The fact that Hayward's Original Sentence had expired on November 24, 2014 does not alter the Board's authority to recommit Hayward and extend his maximum sentence release date. As this Court has reiterated:

It is well settled law that the Board retains jurisdiction to recommit an individual as a parole violator after the expiration of the maximum term, so long as the crimes that lead to the conviction occurred while the individual is on parole. . . . The fact that [the parolee] did not enter his plea until . . . after the expiration of the original term . . . is irrelevant.

6

November 24, 2014 (1056 days). Hayward was further credited for the time he served from the date the Board relodged its warrant against Hayward, June 29, 2016, until he was sentenced on the New Charges, September 9, 2016 (72 days) because he was held solely on the Board's detainer. Accordingly, Hayward was properly credited for his time served.

Finally, Hayward maintains that the Board miscalculated his new maximum sentence release date as October 25, 2018. We disagree. Section 6138(a) of the Parole Code provides, in relevant part:

> (4) The period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator.
>
> (5) If a new sentence is imposed on the parolee, **the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term** imposed in the following cases:
>
>> (i) If a person is paroled from a [s]tate correctional institution and the new sentence imposed on the person is to be served in the [s]tate correctional institution.

61 Pa.C.S. § 6138(a) (emphasis added).

In the instant case, when Hayward was released on parole on September 7, 2009, his Original Sentence maximum release date was November 24, 2014. Thus, there were 1904 days remaining on his Original Sentence. As explained above, the Board awarded Hayward 72 days of credit toward his Original Sentence for his time spent incarcerated from June 29, 2016 to September 9, 2016, and 1056 days of credit for the time he was incarcerated from January 3, 2012 to November 24, 2014.

*Price v. Pa. Bd. of Prob. & Parole*, 117 A.3d 362, 367-68 (Pa. Cmwlth. 2015) (quoting *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 73-74 (Pa. Cmwlth. 2013)).

Crediting 1128 days against 1904 days of backtime resulted in Hayward owing 776 days of backtime toward his Original Sentence. Hayward became available to begin serving the backtime on his Original Sentence when he was sentenced on his new convictions on September 9, 2016. Adding 776 days to September 9, 2016 resulted in Hayward's new October 25, 2018 Original Sentence maximum release date. Accordingly, the Board properly recalculated Hayward's Original Sentence maximum release date to October 25, 2018.

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tony Hayward,                          :
                Petitioner    :
                                  :
            v.                          :
                                  :
Pennsylvania Board of                  :
Probation and Parole,                  :      No. 1735 C.D. 2017
                Respondent    :

## O R D E R

AND NOW, this 18th day of July, 2018, the Pennsylvania Board of Probation and Parole's October 3, 2017 order is affirmed.

                                _____

                                ANNE E. COVEY, Judge