Pedro J. Rodriques, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, March 27, 1979, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*Pedro Juan Rodriques*, petitioner, for himself.

*Stephen J. Mascherino*, Assistant Attorney General, *Robert A. Greevy*, Assistant Attorney General, and *Edward G. Biester, Jr.*, Attorney General, for respondent.

OPINION BY JUDGE DISALLE, July 6, 1979:

This is a Petition for Review challenging the action of the Pennsylvania Board of Probation and Parole (Board) in recomputing the sentence of Pedro J. Rodriques (Petitioner), a convicted parole violator. The Board has filed preliminary objections seeking to have the petition dismissed.

On October 24, 1974, the Honorable WILLIAM W. CALDWELL of Dauphin County sentenced Petitioner to a term of indeterminate to six years for the offense

of robbery, with an effective date of August 20, 1974, and a maximum expiration date of August 20, 1980. Petitioner was paroled on March 18, 1976, after serving approximately one year and seven months. He was arrested on December 22, 1976, for armed robbery, convicted, recommitted as a convicted parole violator, and subsequently sentenced, again by Judge CALDWELL, to a term of five to fifteen years.

In recomputing his original sentence, the Board disallowed Petitioner credit for time spent on parole and extended the maximum expiration date from August 20, 1980 to January 13, 1982, an increase of almost one and one-half years. We have held that in recomputing a convicted parole violator's sentence, the Board may constitutionally deny him credit for time spent on parole. *Young v. Pennsylvania Board of Probation and Parole*, 29 Pa. Commonwealth Ct. 268, 370 A.2d 813 (1977); *Kuykendall v. Pennsylvania Board of Probation and Parole*, 26 Pa. Commonwealth Ct. 234, 363 A.2d 866 (1976). Accordingly, the denial here was proper. However, in extending the expiration date of Petitioner's original sentence nearly one and one-half years, when Petitioner spent less than one year on parole (from March 18, 1976 to December 22, 1976), the Board obviously erred, and must amend its records to reflect that error.

The Board has also indicated that Petitioner is to serve the balance of his original term before beginning service on his new term. Petitioner argues that since Judge CALDWELL did not state otherwise, Pa. R. Crim. P. 1406(a) requires that the sentences run concurrently, not consecutively. That rule provides that "whenever a sentence is imposed on a defendant who is incarcerated for another offense, such sentences shall be deemed to run concurrently unless the judge states otherwise." However, this Court has consistently held that Section 21.1(a) of the Act of August

6, 1941, P.L. 861, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended*, 61 P.S. §331.21a (a), deprives a sentencing judge of the authority to impose concurrent sentences upon a convicted parole violator who has been ordered to be recommitted, and mandates that service of the original term precede the commencement of the new term. *Young v. Pennsylvania Board of Probation and Parole, supra.* Thus, the Board acted properly in this regard.

Lastly, we note that the Board has expressed an intention to credit the time Petitioner spent in custody under its detainer warrant to the new sentence rather than to the old one. We held in *Mitchell v. Pennsylvania Board of Probation and Parole*, 31 Pa. Commonwealth Ct. 243, 375 A.2d 902 (1977), that time spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term, rather than to his new term. We clarified that holding in *Davis v. Cuyler*, 38 Pa. Commonwealth Ct. 488, 394 A.2d 647 (1978), stating that such crediting would occur only when the parolee was eligible for and had satisfied bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant lodged against him.

Nothing in the record indicates whether Petitioner satisfied the bail requirements for the new charges. If he did, credit must be applied to his original sentence. If he did not, the Board may properly apply it to his new sentence. We will direct that the Board submit an affidavit stating whether Petitioner satisfied the bail requirements for the offense for which he was arrested on December 22, 1976.

ORDER

AND Now, this 6th day of July, 1979, the Preliminary Objections of the Pennsylvania Board of Probation and Parole to the Petition for Review of Pedro J.

Rodriques are hereby sustained. The Board is ordered to modify its recomputation of Petitioner's maximum sentence and submit an affidavit, both in accordance with this opinion.