524 A.2d 541

Keith Laguines, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs November 20, 1986, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Allen P. Powanda,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, April 16, 1987:

This appeal results from an order of the Board of Probation and Parole (Board) which denied Keith Laguines (petitioner) administrative relief from a Board parole revocation order. That order revoked petitioner's parole and recommitted him to imprisonment as a technical and convicted parole violator to serve a total of twelve months backtime.

Petitioner was originally paroled on May 17, 1982, during a five-to-twelve-year sentence imposed after his conviction for burglary. On December 20, 1984, however, he was arrested on a charge of criminal trespass and imprisoned. At the same time, the Board issued a warrant to commit and detain petitioner because of a technical parole violation. From this point on petitioner was continually in jail, having been unable to post bail.

Prior to his conviction on the criminal trespass charge, the Board ordered petitioner to serve three months of backtime for failing to comply with the parole condition that he maintain regular contact with parole officials.[1] The order noted that petitioner be "[r]eturn[ed] as a TPV when available and schedule violation

---

[1] This violation occurred during the first week of November, 1984.

hearing."[2] Subsequently, on August 19, 1985, a trial court sentenced petitioner on the criminal trespass charge, imposing a term of imprisonment of eight months to five years. At this point petitioner had been jailed for eight months pursuant to the arrest.

On August 22, 1985, petitioner was transferred to a state prison, and on December 3rd of the same year a parole violation hearing was held. On that date the Board ordered petitioner recommitted as a convicted parole violator to serve nine months of backtime. The Board also "reaffirm[ed]" its prior order recommitting petitioner for three months as a technical parole violator. Credit against the new sentence was given for the entire period of petitioner's pre-recommittal incarceration, a period of eleven months and fourteen days, and petitioner's aggregate, twelve-months of backtime was calculated to commence as of the date of the recommittal, December 3, 1985.

Petitioner appealed, asserting as error only that the Board had erroneously commenced "his [back]time from December 3, 1985 [the date petitioner was formally recommitted by the Board]," rather than from August 19, 1985, the date of his sentencing. The Board, however, denied the appeal, noting that, because petitioner had never posted bail, the time spent in jail from the date of arrest until the Board's decision, December 3, 1985, "must be applied to the new sentence and not to the parole violation time." Petitioner then timely initiated the present appeal.

Our scope of review in the present case is limited to a determination of whether the Board's findings are supported by substantial evidence, whether an error of law was committed, and whether any of the parolee's constitutional rights were violated. *Washington v. Pennsylva-*

---

[2] *Board Decision*, 2/13/85, at 2.

*nia Board of Probation and Parole,* 73 Pa. Commonwealth Ct. 432, 458 A.2d 645 (1983). Petitioner advances as "[t]he sole question before this Court . . .[,] whether petitioner [should have begun] serving the three . . . months of backtime [for the technical violation] on August 19, 1985." *Brief for Petitioner* at 7. We reverse and remand.

It is true, as the Board stated in its denial of administrative relief, that petitioner did not post bail "relative to [the new] Philadelphia County charges from . . . 12-19-84 until the date of the Board's final decision on 12-3-85."[3] The failure to post bail is, of course, a relevant factor in determining whether a pre-sentencing incarceration period is to be credited against the original term or the period of the new sentence. *See Rodriques v. Pennsylvania Board of Probation and Parole,* 44 Pa. Commonwealth Ct. 68, 403 A.2d 184 (1979):

> [T]ime spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's *original* term . . . *only* when the parolee was eligible for and had satisfied bail requirements for the new offense and thus remained incarcerated *only* by reason of the detainer warrant lodged against him.

*Id.* at 71, 403 A.2d at 185-86 (emphasis added). *See also Gaito v. Pennsylvania Board of Probation and Parole,* 488 Pa. 397, 412 A.2d 568 (1980).

To the extent that the Board gave petitioner credit against the *new* sentence for his eight months of *pre-sentence* incarceration it correctly applied the foregoing rule, given petitioner's failure to post bail during those eight months. It erred, however, in so crediting the *en-*

---

[3] It is immediately to be noted, however, that this statement is not quite accurate. From the date of sentencing to the date of the Board hearing bail was not *available* to petitioner, since he had been convicted and no appeal was sought. *See infra* note 6.

*tire* period of incarceration prior to the Board hearing. Section 21.1(a) of the Parole Act[4] directs that "if a new sentence is imposed . . . the service of the balance of [the] term originally imposed shall *precede* the commencement of the new term. . . ." 61 P.S. §331.21a(a).[5] Because in the present case there was a final Board order outstanding against petitioner directing service of three months backtime for the technical violation, this period had to commence before the new sentence. The Board thus erred in attributing to the new sentence the three-month period of incarceration *beyond* the date of sentencing.[6]

Instead, as in effect advanced by petitioner, the three-month backtime should be deemed to commence on August 22, 1985, the date on which he was transferred to the state prison and out of the jurisdiction of the trial court. On this date petitioner was available for reentry into his original sentence. Accordingly, (1) petitioner's three-month backtime obligation for the technical violation ended on November 22, 1985; (2) the period from November 23, 1985 to December 2, 1985 (ten days) is to be credited against the new sentence; and (3) the nine months of additional backtime attributable to the new conviction ran from December 3, 1985 to September 3, 1986.

Reversed and Remanded.

---

[4] Act of August 6, 1941, P.L. 861, *as amended*.

[5] This section is applicable to petitioner, since his original and new sentence were both to be served in the state penal system. *See* 61 P.S. §331.21a(a)(1).

[6] The Board's reasoning with respect to petitioner's failure to post bail from the date of his sentencing to the date of the Board hearing is, of course, patently infirm, because bail is not available after an unappealed conviction. The logic of *Rodriques* and *Gaito*—relied upon by the Board in this appeal—simply has no bearing on the analysis of post-sentence periods of incarceration.

ORDER

Now, April 16, 1987, the Order of the Pennsylvania Board of Probation and Parole, No. 1767-M, dated February 10, 1986, is hereby reversed and remanded for recalculation of Petitioner's parole eligibility date in a manner consistent with this opinion.

Jurisdiction relinquished.