William E. SNYDER, Petitioner,

v.

## PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 8, 1997.

Decided Oct. 16, 1997.

David Crowley, Chief Public Defender, Bellefonte, for petitioner.

Arthur R. Thomas, Asst. Counsel, Harrisburg, for respondent.

Before PELLEGRINI and KELLEY, JJ., and NARICK, Senior Judge.

KELLEY, Judge.

William E. Snyder (Snyder) appeals from an order of the Pennsylvania Board of Probation and Parole (board) which denied his administrative appeal. We affirm.

On March 30, 1987, the Mercer County Court of Common Pleas sentenced Snyder to an aggregate period of incarceration of five years to fifteen years incarceration. After serving five years and seven months, the board paroled Snyder from this sentence with a maximum term expiry of March 29, 2002. On March 11, 1994, Snyder was committed and detained by the board in a state correctional facility for violating a general parole condition pending disposition of criminal charges. On March 21, 1994, Snyder was arrested on a new criminal charge, and on April 6, 1994, he was held for court. Snyder was continuously confined in a state correctional facility in Mercer County. Snyder did not post bail.

By a revocation decision recorded July 20, 1994 and mailed August 19, 1994, the board recommitted Snyder as a technical parole violator to serve eighteen months "when available." Certified Record (R.) at 11. On August 8, 1994, Snyder pled guilty to the new criminal charge. On September 6, 1995, Snyder was sentenced to serve a new term of fifteen months to sixty months in a state correctional facility.

By a combined revocation decision and recalculation order dated April 18, 1996 and mailed May 17, 1996, the board recommitted Snyder to serve forty-eight months as a convicted parole violator to run concurrently with the eighteen month recommitment for the technical parole violation. The order also announced a recalculated maximum term expiry of February 7, 2005 for Snyder's original sentence. In calculating the maximum term expiry, the board found Snyder available for recommittal on September 7, 1995, the date which Snyder was returned to the state correctional facility following sentencing on the new criminal conviction.

■■■ Snyder filed a request for administrative relief with the board contending that

his backtime[1] should be calculated from July 20, 1994, the date the board adjudged him a technical parole violator, rather than September 7, 1995. By letter dated February 6, 1997, the board denied Snyder's request. Snyder now appeals the board's order to this court.[2]

■■■ The only issue raised in this appeal is whether a parolee, who is confined in a state correctional facility, is available for recommittal as a technical parole violator prior to sentencing on a new conviction where the parolee did not post bail. Citing *Laguines v. Pennsylvania Board of Probation and Parole*, 105 Pa.Cmwlth. 300, 524 A.2d 541 (1987), Snyder contends that at the time he was deemed a technical parole violator, he was available to serve backtime because he was incarcerated in a state correctional facility, irrespective of the existence of new criminal charges for which bail had not been satisfied. This interpretation is clearly misguided.

In *Laguines*, a parolee was arrested and imprisoned on new criminal charges. The parolee did not post bail and remained incarcerated pending disposition of the criminal charges. At the same time, the board issued a warrant to commit and detain the parolee because of a technical parole violation. The board then ordered the parolee to serve three months backtime as a technical parole violator "when available."

The parolee was convicted and sentenced on the new charges and then transferred from jail to the state prison system three days after sentencing. Three months later, the board ordered the parolee recommitted as a convicted parole violator to serve nine months backtime and reaffirmed its prior recommitment order that parolee serve three months backtime for the technical parole violation.

1. Backtime is the remaining part of a pre-existing judicially imposed sentence that a parole violator is directed to serve before again being eligible to apply for reparole on that particular sentence. *Krantz v. Pennsylvania Board of Probation and Parole*, 86 Pa.Cmwlth. 38, 483 A.2d 1044 (1984).

2. Our scope of review is limited to a determination of whether necessary findings are supported by substantial evidence, an error of law was committed, or whether constitutional rights of the parolee were violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Shaffer v. Pennsylvania Board of Probation and Parole*, 675 A.2d 784 (Pa.Cmwlth.1996).

In calculating his maximum term expiry, the board found the parolee available for recommittal on the date he was adjudged a convicted parole violator. All time served prior to that date was credited to the new offense. Reversing the board, this court stated that the "Board erred in attributing to the new sentence the three-month period of incarceration beyond the date of sentencing." *Id.* 524 A.2d at 543. The court further stated that the parolee's backtime "should be deemed to commence on ... the date on which he was transferred to state prison and out of the jurisdiction of the trial court." *Id.* 524 A.2d at 543.

Contrary to Snyder's contention, *Laguines* merely holds that a parolee incarcerated in a state prison on new criminal charges, for which bail has not been satisfied, is available to serve backtime only after sentencing. *Id.* This holding is in accord with 42 Pa.C.S. § 9760(1) which requires that time spent in custody awaiting trial and sentencing on new criminal charges be credited to the new sentence. *See also Gaito v. Pennsylvania Board of Probation and Parole,* 128 Pa. Cmwlth. 253, 563 A.2d 545 (1989), *petition for allowance of appeal denied,* 525 Pa. 589, 575 A.2d 118 (1990), where we held that backtime shall be credited to a convicted parole violator's original term only when he has satisfied bail requirements for the new offense and, thus, remains incarcerated only by reason of the board's detainer.

In the present case, Snyder did not post bail and, thus, remained incarcerated from the date of arrest until sentencing by reason of the new criminal charge, not the board's detainer. R. at 13. Although Snyder was incarcerated in a state correctional facility at the time of his recommitment as a technical parole violator, he did not become "available" to serve this backtime until he was sentenced on the new charge. Therefore, Snyder's presentencing incarceration period is credited only to his new criminal offense.

We, therefore, conclude, the board did not err in calculating the maximum term expiry for Snyder's original sentence. Accordingly, the order of the board is affirmed.

*ORDER*

AND NOW, this 16th day of October, 1997, the order of Pennsylvania Board of Probation and Parole, at Parole No. 3802–T, is affirmed.