IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Gehan,                                    :
                                                 :
                           Petitioner            :
                                                 :
           v.                                    :  No. 652 C.D. 2020
                                                 :  Submitted:  November 6, 2020
Pennsylvania Parole Board,                       :
                                                 :
                           Respondent            :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  March 19, 2021


           Thomas Gehan (Gehan), an inmate confined at the State Correctional
Institution (SCI) at Houtzdale, petitions for review of an order of the Pennsylvania
Parole Board (Board) that denied his request for administrative review challenging
the Board's March 26, 2019 decision recommitting him to serve 30 months'
backtime as a convicted parole violator (CPV) and recalculating his maximum
sentence date as October 19, 2024.  His counsel, Steven M. Johnston, Esquire
(Counsel)[1] has filed a petition to withdraw appearance, along with a no-merit letter,[2]

---

[1] Counsel is an assistant public defender in Clearfield County.

[2] The "no merit" standard for withdrawing is applied in situations where, as here, the right
to counsel is statutorily based.  *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009).  The
"wholly frivolous" standard, a slightly higher standard, is applied where the right to counsel is
constitutional.  *Id*.

on the ground that Gehan's appeal is without merit. For the following reasons, we grant Counsel's petition to withdraw, and we affirm the Board's order.

In 2006, Gehan pleaded guilty to the charge of aggravated assault in the Court of Common Pleas of Philadelphia County (trial court). He was sentenced to serve 5 years, 3 months to 15 years, 6 months in an SCI. Certified Record (C.R.) at 1-2. At that time, his maximum sentence date was September 2, 2020. *Id.*

Gehan was paroled on November 8, 2010. C.R. at 7, 13. His parole ended on March 21, 2012, when he was arrested by the Philadelphia Police Department for contempt of a court order, two counts of terroristic threats, and harassment. *Id.* at 11. The Board lodged its detainer warrant against Gehan the same day. *Id.* at 13. On March 26, 2012, Gehan waived his rights to representation by counsel and to a detention hearing, and a hearing examiner thereafter recommended that he be detained pending disposition of the new criminal charges. *Id.* at 19, 21. By decision recorded May 10, 2012, the Board detained Gehan pending disposition of the new criminal charges. *Id.* at 19, 22.

Meanwhile, on April 5, 2012, while in custody pending disposition of his new criminal charges, the Philadelphia Police Department charged Gehan with additional charges, including possession of an instrument of crime and recklessly endangering another person, as well as two counts each of aggravated assault and simple assault. C.R. at 27. He posted bail on these charges on July 26, 2012, but remained incarcerated pending the Board's detainer warrant on the March 2012 criminal charges. *Id.* at 27, 46.

On March 25, 2013, Gehan was convicted of two counts of terroristic threats and one count of simple assault in the trial court, but was found not guilty on all other charges. C.R. at 26, 28, 31. He was sentenced to three to six months in

prison for terroristic threats, and he received two years' probation for simple assault. *Id.* at 66, 80.

A panel revocation hearing was held on August 19, 2013, and on November 20, 2013 (decision recorded November 12, 2013), the Board recommitted Gehan as a CPV to serve nine months' backtime in an SCI, and recalculated his maximum sentence date as July 17, 2022. C.R. at 94. However, on December 15, 2015, Gehan's 2013 convictions were vacated. *Id.* at 104-05. As a result, on January 11, 2016, the Board rescinded its action of November 20, 2013, recommitting Gehan as a CPV, and deemed Gehan immediately eligible to continue on parole. *Id.* at 106.

Gehan was released on parole on February 3, 2016. C.R. at 118. On March 8, 2017, the Board declared him delinquent. *Id.* at 109. On April 12, 2017, a detainer warrant was lodged and Gehan was arrested for technical parole violations. *Id.* at 110, 116. On June 9, 2017, the Board held the violation hearing in abeyance pending Gehan's completion of recommended programing. *Id.* at 122. The detainer warrant was cancelled on June 14, 2017. *Id.* at 124.

Gehan was again declared delinquent on August 19, 2017. C.R. at 126. The Board issued a detainer warrant on August 24, 2017. *Id.* at 127. However, a criminal arrest and disposition report indicates that Gehan was actually taken into custody on the Board's warrant on August 23, 2017, and then immediately turned over to the Philadelphia Police Department on new charges of robbery, burglary, conspiracy to commit robbery, and related offenses. *Id.* at 135.

The Board charged Gehan with technical violations for changing his address without permission and his unsuccessful discharge from Board mandated programs. C.R. at 143. Gehan waived his rights to counsel and a hearing, and on September 29, 2017 (decision recorded September 27, 2017), the Board detained

him pending disposition of the new criminal charges and recommitted him to serve six months' backtime as a technical parole violator (TPV) when available. *Id.* at 157-59. The Board advised that Gehan's parole violation maximum date was subject to change if he was convicted of the pending criminal charges. *Id.* at 159.

Ultimately, Gehan entered a guilty plea to the charges of robbery, burglary, and conspiracy to commit robbery, and on January 10, 2019, he was sentenced to a total of four to nine years in an SCI. C.R. at 164. He waived his rights to counsel and a revocation hearing before the Board. *Id.* at 175. On March 26, 2019 (decision recorded March 25, 2019), the Board recommitted Gehan to serve 30 months' backime as a CPV and recalculated his maximum sentence date to October 19, 2024. *Id.* at 213. In so doing, the Board modified and deleted the reparole portion of its September 27, 2017 decision, and stated that it was not awarding Gehan credit for time spent at liberty on parole because "CONVICTION EXCLUDED FROM STREET TIME CREDIT." *Id.* at 214.

Gehan filed a *pro se* administrative remedies form on April 23, 2019, in which he claimed that the Board erred by taking away his street time because he "was sentenced to 5 [years,] 3 months to 15½ years [and n]othing more." C.R. at 215. He further asserted that his original sentence was not properly credited with all of the time he spent incarcerated from 2012 onward.

By decision mailed on May 27, 2020, the Board denied Gehan's administrative appeal. In doing so, the Board explained that Gehan was paroled on November 8, 2010, with a maximum sentence date of September 2, 2020, leaving 3,586 days remaining on his original sentence. The Board further explained that it recommitted Gehan as a CPV due to his robbery conviction, which precluded the Board from granting Gehan credit for the time he spent at liberty on parole. As such,

4

he owed the 3,586 days remaining on his original sentence. The Board pointed out, however, that Gehan was given credit for two periods of confinement: 1,413 days from March 21, 2012, to February 2, 2016[3]; and 63 days from April 12, 2017, to June 14, 2017, for a total of 1,476 days. Subtracting 1,476 from 3,586 left 2,110 days remaining on his original sentence. *See* Board Decision at 1; C.R. at 217.

The Board then noted that the record showed that Gehan absconded from supervision effective August 19, 2017, and was arrested on a Board detainer for technical violations on August 24, 2017.[4] Then, on August 25, 2017, Gehan was arraigned on new criminal charges and did not post bail. The Board explained that by decision recorded September 27, 2017, the Board revoked Gehan's parole for technical violations related to delinquency. On January 10, 2019, he was sentenced on the new charges to a term of incarceration of four to nine years in an SCI. The Board then revoked his parole as a CPV on March 26, 2019 (decision recorded March 25, 2019). Based on the above facts, the Board stated that Gehan was entitled to one day of presentence credit from August 24, 2017, to August 25, 2017, when Gehan was detained solely on the Board's warrant, which left him with 2,109 days remaining on his original sentence. *See* Board Decision at 2; C.R. at 218.

---

[3] In a footnote, the Board explained that Gehan's confinement from March 21, 2012, to February 2, 2016, resulted from the 2013 conviction that was ultimately vacated. As there was no other sentence to credit, and because Gehan was being held on the Board's detainer during that time, the Board credited that period to Gehan's original sentence. *See* Board Decision at 1 n.1; C.R. at 217; *see also Martin v. Pennsylvania Board of Probation & Parole*, 840 A.2d 299, 305 (Pa. 2003) (if a parolee is not convicted on new criminal charges or a new period of incarceration is not imposed, then the time the parolee spent in pre-trial custody must be credited to the parolee's original sentence).

[4] As noted above, the record indicates that the Board took Gehan into custody on August 23, 2017, and that he was held on the new criminal charges on August 24, 2017. C.R. at 135.

The Board further explained that a CPV who is released from an SCI and receives a new sentence to be served in an SCI must serve the original sentence first pursuant to Section 6138(a)(5) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §6138(a)(5). Therefore, because the Board recommitted Gehan prior to his sentencing on the new charges, he became available to commence service of his original sentence on January 10, 2019, the date of his sentencing. Adding 2,109 days to that availability date yielded a recalculated maximum date of October 19, 2024. Accordingly, the Board affirmed its March 26, 2019 decision. *See id.*

Gehan, now represented by Counsel, filed a petition for review in this Court, acknowledging Gehan's claims that the Board did not properly calculate his maximum sentence date and that it improperly revoked his street time. Counsel subsequently filed the petition to withdraw from representation of Gehan, along with a no-merit letter, asserting that Gehan's claims lack merit.

When evaluating an application to withdraw from representation of a parolee who challenges a revocation decision, we must determine whether counsel has satisfied the following requirements of: (1) notifying the inmate of the application to withdraw; (2) providing the inmate with a copy of a no-merit letter in accordance with *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); and (3) advising the inmate of his right to retain new counsel or file a brief on his own behalf. *Miskovitch v. Pennsylvania Board of Probation & Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013). The no-merit letter must detail the extent of counsel's review and explain why the inmate's claim is meritless. *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. 2009). If counsel has fully complied with the technical requirements for withdrawal, the Court will independently review the merits of the inmate's claims.

Here, the record reflects that Counsel has notified Gehan of the application to withdraw; has provided him with a copy of the no-merit letter that details Counsel's review of the issues and the reasons why Counsel concluded those issues are meritless; and has advised Gehan of his right to retain new counsel or raise any new points he might deem worthy of consideration.[5] Accordingly, we conclude that Counsel has satisfied the procedural requirements for withdrawal.

Turning to our review of the merits, Counsel asserts in his no-merit letter that Gehan's claims that he is entitled to street time credit and that his original sentence was not properly credited with all the time he served are frivolous. First, Gehan's theory that his street time was improperly revoked is based on *Young v. Pennsylvania Board of Probation and Parole*, 225 A.3d 810 (Pa. 2020). Therein, the Pennsylvania Supreme Court held that if the Board exercises its discretion to award street time credit, it cannot revoke that credit in a subsequent revocation proceeding. *Id*. at 813-14. Counsel notes that the Board never granted Gehan street time credit in a prior proceeding. There was a prior determination by the Board in 2013, where Gehan was recommitted as a CPV. However, that determination was rescinded in 2016, when Gehan's 2013 conviction was vacated on appeal. Moreover, the 2013 determination did not grant street time credit to Gehan. C.R. at 94. Thus, Counsel asserts that *Young* is not applicable.[6]

---

[5] Gehan has not retained new counsel or filed a brief on his own behalf.

[6] Gehan also was found to be a TPV. However, his TPV and CPV recommitments occurred over the course of the same period of parole. In *Kazickas v. Pennsylvania Board of Probation & Parole*, 226 A.3d 109, 116-17 (Pa. Cmwlth.), *appeal denied*, 238 A.3d 1170 (Pa. 2020), we explained that the Board is precluded from reaching back in time to revoke a prior grant of street time credit. However, when the technical violations and the new charges occur in the same parole period, the Board may make the technical violation recommitment subject to change if the parolee is later convicted on the new charges. This is what occurred here. C.R. at 143, 157, 159.

7

While we do not disagree with Counsel's analysis of *Young*, this issue was not raised in Gehan's request for administrative relief. In his request for administrative relief, Gehan merely claimed that the Board had impermissibly extended his original sentence beyond the 5 years, 3 months to 15 years, 6 months he was required to serve. Gehan's claim is incorrect. The Board did not extend the length of his sentence. Instead, the Board recalculated the maximum sentence date to reflect the denial of street time credit. The Board is authorized to recalculate a parolee's maximum sentence date to require completion of the original judicially mandated sentence. *See Hughes v. Pennsylvania Board of Probation & Parole*, 179 A.3d 117, 121 (Pa. Cmwlth. 2018). Accordingly, Gehan's claim that the Board erred in extending his new maximum sentence date beyond the maximum date of his original sentence is meritless.

Additionally, the Board had no discretion to award Gehan street time credit based on his new conviction for robbery. Pursuant to Section 6138(a)(2) and (2.1) of the Parole Code, the Board's discretion is limited, as follows:

> (2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, *except as provided under paragraph (2.1)*, shall be given no credit for the time at liberty on parole.
>
> (2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:
>
> > (i) *The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. §9714(g)* (relating to

8

> sentences for second and subsequent offenses) or a crime requiring registration [as a sexual offender].
>
> (ii) The parolee was recommitted under [42 Pa. C.S. §]6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. §6138(a)(2) & (2.1) (emphasis added).

Section 9714(g) of the Judicial Code lists "robbery as defined in 18 Pa. C.S. §3701(a)(1)(i), (ii) or (iii)" as a "crime of violence." 42 Pa. C.S. §9714(g). Gehan was convicted of robbery under Section 3701(a)(1)(ii) of the Crimes Code (a robbery that "threatens another with or intentionally puts him in fear of immediate serious bodily injury"). 18 Pa. C.S. §3701(a)(1)(ii); C.R. at 164. As such, pursuant to Section 6138(a)(2.1)(i) of the Parole Code, the Board was precluded from exercising its discretion to award any credit for the time Gehan spent at liberty on parole.

Second, Gehan questioned why he did not receive credit on his original sentence while incarcerated from March 21, 2012, to February 2, 2016, and April 12, 2017, to June 14, 2017. He also sought credit for the six months of backtime that he was ordered to serve as a TPV on September 27, 2017, and the period of time he spent in pre-trial custody on the new criminal charges from August 25, 2017, to January 10, 2019.[7] C.R. at 215. As the Board explained, it did credit Gehan's original sentence from March 21, 2012, to February 2, 2016, and April 12, 2017, to June 14, 2017. C.R. at 217. Thus, we reject Gehan's claim that he did not receive credit for those time periods.

---

[7] Gehan also lists January 10, 2019, to March 25, 2019, as a disputed period. However, he began receiving credit on his original sentence as of January 10, 2019. C.R. at 218.

As to the technical violations, Gehan's parole was revoked on September 27, 2017, and he claims that the six months of backtime that he was ordered to serve as a TPV should be credited to his original sentence, even though he was in pre-trial custody on the new charges. This Court has explained that when a parolee is in a state prison on new charges, and has not posted bail on the new charges, he does not become available to serve backtime as a TPV until his sentencing on the new charges. *Snyder v. Pennsylvania Board of Probation & Parole*, 701 A.2d 635, 637 (Pa. Cmwlth. 1997). Gehan does not claim that he posted bail and the record does not indicate that he did. As such, the Board did not err in failing to credit this six-month period to Gehan's original sentence.

Gehan also claims that the entire period of time that he was in pre-trial custody on the new charges should also be credited to his original sentence. Counsel explained that because Gehan did not post bail on the new charges, the credit for time served must be applied to the new sentence. *See Gaito v. Pennsylvania Board of Probation & Parole*, 563 A.2d 545, 547 (Pa. Cmwlth. 1989) ("Time spent in custody pursuant to a detainer warrant shall be credited to a [CPV's] original term only when the parolee was eligible for, and had satisfied, bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant against him.").[8] In any event, Gehan cannot receive credit on both his original sentence and his new sentence simply because the Board had lodged a detainer warrant. As a matter of law, a CPV must serve his new sentence and original

---

[8] An exception occurs if the new sentence is less than the period of time spent in custody. *Armbruster v. Pennsylvania Board of Probation & Parole*, 919 A.2d 348, 354 (Pa. Cmwlth. 2007). Here, Gehan's new sentence of four to nine years exceeds his period of presentence confinement, *i.e.*, August 25, 2017, to January 10, 2019. C.R. at 164, 218. The exception, therefore, does not apply here.

sentence consecutively. 61 Pa. C.S. §6138(a)(5)(i).[9] As such, we agree with Counsel and find no error in the Board's denial of credit.

For the above reasons, we accept Counsel's assessment that Gehan's petition for review is without merit. Accordingly, we grant Counsel's petition to withdraw appearance and affirm the Board's order.

_____
MICHAEL H. WOJCIK, Judge

---

[9] Section 6138(a)(5)(i) of the Parole Code provides, in pertinent part:

> (5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> > (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa. C.S. §6138(a)(5)(i).

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Gehan,                          :
                                       :
                    Petitioner         :
                                       :
        v.                             :   No. 652 C.D. 2020
                                       :
Pennsylvania Parole Board,             :
                                       :
                    Respondent         :

# **O R D E R**

AND NOW, this 19th day of March, 2021, the petition to withdraw appearance, filed by Steven M. Johnston, Esquire, is GRANTED, and the Pennsylvania Board of Probation and Parole's May 27, 2020 order is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge