IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bryan Doller,                           :
                Petitioner              :
                                        :   No.  608 C.D. 2020
        v.                              :
                                        :   Submitted:  February 12, 2021
Pennsylvania Parole Board,              :
                Respondent              :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE J. ANDREW CROMPTON, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                           FILED: July 20, 2021


        Bryan Doller petitions for review of the May 28, 2020 order of the
Pennsylvania Parole Board (Board), through which the Board affirmed its November
13, 2018 order recommitting Doller as a convicted parole violator (CPV) and
recalculating his maximum release date.  We affirm.

        On March 13, 2007, Doller pleaded guilty in the Court of Common Pleas
of Butler County (trial court) to 1 count of corrupt organizations and 15 counts of
manufacture, sale, delivery, or possession with intent to deliver a controlled substance
(PWID).  (Certified Record (C.R.) at 1-2.)  The trial court sentenced Doller to an
aggregate term of 6 years and 9 months' to 25 years' incarceration.  It is undisputed
that Doller's original maximum release date was March 3, 2031. *Id.* at 2.  On December

15, 2015, the Board[1] ordered that Doller be released on parole on March 3, 2016, his minimum release date. *Id.* at 8-11. Doller was paroled on that date. The day before his release, Doller signed a "conditions of parole" form that advised him, in relevant part: "If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole." *Id.* at 12.

On April 20, 2017, the Pennsylvania State Police filed a criminal complaint charging Doller with criminal use of a communication facility, along with various drug offenses, including PWID. *Id.* at 15-17. On that same date, the Board issued a warrant to commit and detain Doller, and Doller was taken into custody on the Board's detainer. *Id.* at 21. The next day, April 21, 2017, Doller was arrested by the Pennsylvania State Police on the new criminal charges. *Id.* at 22, 24. Doller was held in the Butler County Prison, as he was unable to post bail, which was set at $25,000.00. *Id.* at 24-25. On May 11, 2017, Doller signed a notice outlining his rights when appearing at hearings before the Board. *Id.* at 29. On that same date, Doller signed a waiver of his right to a panel hearing[2] and a detention hearing,[3] as well as a waiver of

---

[1] At that time, the Board was known as the Pennsylvania Board of Probation and Parole. As of February 18, 2020, the Board was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§6101, 6111(a).

[2] This waiver provided: "With full knowledge and understanding of my right to a panel hearing, I hereby waive that right of my own free will without promise, threat or coercion and request that my hearing be held before an examiner." (C.R. at 30.)

[3] This waiver provided: "With full knowledge and understanding of my right to a detention hearing, I hereby waive that right of my own free will, without promise, threat or coercion. I make **(Footnote continued on next page…)**

his right to counsel.[4]  On June 5, 2017, the Board issued a decision to detain Doller pending the disposition of the new criminal charges. *Id.* at 34.  Via an amended criminal complaint dated October 2, 2017, Doller was charged with additional drug offenses. *Id.* at 35-47.  Doller ultimately pleaded guilty to 3 felony counts of PWID, and, on March 22, 2018, the trial court sentenced Doller to an aggregate term of 78 to 156 months' incarceration, with 336 days' credit for time served. *Id.* at 52-57.

On April 10, 2018, Doller signed another notice of his rights when appearing at hearings before the Board. *Id.* at 63.  This notice informed Doller that the Board had scheduled a parole revocation hearing in connection with his new convictions. *Id.*  Doller waived his right to the revocation hearing, as well as his right to counsel.[5] *Id.* at 64.  Doller then admitted that he had been convicted of three felony counts of PWID, in violation of his parole. *Id.*  The Board issued a hearing report on April 17, 2018, in which it voted to revoke Doller's parole. *Id.* at 65-72.  The Board issued an order, dated November 13, 2018, and mailed on November 16, 2018, to

---

this choice with full knowledge that the Board may detain me pending disposition of my criminal charges." (C.R. at 31.)

[4] This waiver provided:  "Having been fully advised of my right to counsel to represent me at a hearing before the Board, and of my right to appointed counsel if I cannot afford counsel of my choice, I hereby waive this right and request that my hearing be held without counsel.  This waiver is made of my own free will, without threat or coercion." (C.R. at 31.)

[5] This waiver provided:

> I have been advised of my rights to a parole revocation hearing and counsel at that hearing.  I have also been advised that there is no penalty for requesting counsel, that free counsel is available if I cannot afford to retain counsel, and I have been provided the name and address of the local public defender.  With full knowledge and understanding of these rights, I hereby waive my right to a parole revocation hearing and counsel at that hearing.  I waive these rights of my own free will, without any promise, threat or coercion.

(C.R. at 64.)

recommit Doller as a CPV to serve 36 months of backtime.[6] *Id.* at 122. The Board denied Doller credit for the time that he spent at liberty on parole, explaining that his new convictions were the same as his original offense. *Id.* at 122. The Board recalculated Doller's maximum release date to be April 15, 2033. *Id.* at 119, 136.

Doller filed an administrative remedies form on July 19, 2018, and an administrative appeal on December 17, 2018, challenging the recalculation of his maximum release date and the amount of backtime that he was ordered to serve. Doller further asserted that his parole officer pressured him into waiving his right to counsel, and that this violated his due process rights. On May 28, 2020, the Board mailed a response to Doller.[7] *Id.* at 135-37. Therein, the Board explained that Doller had signed a waiver of his right to counsel, which indicated that he acted of his own free will and without threat, promise, or coercion. Moreover, he had declined to withdraw his waiver within the prescribed 10-day grace period. As for the 36 months of backtime that Doller was ordered to serve, the Board noted that this figure was well within the presumptive range set forth in 37 Pa. Code §75.2, and thus was not subject to challenge. Finally, the Board provided a detailed explanation of the reasoning behind the recalculation of Doller's maximum release date. Finding no grounds for administrative relief, the Board affirmed the November 13, 2018 recommitment order.

---

[6] "Backtime" is defined as "[t]he unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled." 37 Pa. Code §61.1. When the Board orders a CPV to serve a specified amount of backtime, it is identifying a portion of the original sentence that the CPV must serve before becoming eligible for reparole. *See Snyder v. Pennsylvania Board of Probation and Parole*, 701 A.2d 635, 636 n.1 (Pa. Cmwlth. 1997) (order to serve backtime refers to "the remaining part of a preexisting judicially imposed sentence that a parole violator is directed to serve before again being eligible to apply for reparole on that particular sentence").

[7] The record does not indicate the reason for the Board's delay of approximately 17 months in responding to Doller's administrative appeal, but Doller does not challenge the delay in this Court.

4

On appeal,[8] Doller argues that the Board erred in recalculating his maximum release date, and that the Board should have granted him an evidentiary hearing to determine whether he was pressured into waiving his right to counsel, or whether he actually requested counsel and was denied. With regard to the calculation of his maximum release date, Doller asserts two errors. First, Doller argues that, between his arrest on April 20, 2017, and his sentencing on the new convictions on March 22, 2018, he was incarcerated for 342 days, but he only received a credit on his new sentence of 336 days; therefore, he should receive a credit of 6 days on his original sentence. (Doller's Br. at 9-10.) Doller is mistaken.

The period of time between April 20, 2017, and March 22, 2018, is 336 days—the exact amount of time that the sentencing court credited toward his new sentence. Indeed, it appears that Doller may have received double credit for the day of April 20, 2017, because he was incarcerated solely on the Board's detainer, and the Board accordingly granted him credit on his original sentence for that day. (C.R. at 119.) He was not arrested on the new charges until the following day. However, the sentencing court also granted Doller credit for this day on his new sentence. Regardless, Doller's calculation is factually incorrect—336 days elapsed between Doller's arrest on April 20, 2017, and his sentencing on March 22, 2018, not 342 days.

Next, Doller contends that the Board erred in recalculating his maximum release date as April 15, 2033, because this amounts to an increase of 773 days beyond his original maximum release date of March 3, 2031, but he was only at liberty on parole for 413 days; thus, Doller argues that the Board miscalculated his maximum

[8] Our standard of review is "limited to determining whether constitutional rights were violated, whether the decision was in accordance with the law, or whether the necessary findings of fact were supported by substantial evidence." *Barnes v. Pennsylvania Board of Probation and Parole*, 203 A.3d 382, 386 n.1 (Pa. Cmwlth. 2019) (citing *Kerak v. Pennsylvania Board of Probation and Parole*, 153 A.3d 1134, 1138 n.9 (Pa. Cmwlth. 2016)).

5

release date by 360 days. (Doller's Br. at 10.) A review of the Board's calculation reveals that Doller is again mistaken.

When a CPV is recommitted, "the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted . . . ." 61 Pa.C.S. §6138(a)(2). Doller's original maximum release date was March 3, 2031. When he was paroled on March 3, 2016, the remainder of the term which he would have been compelled to serve had parole not been granted was 5,478 days. The Board did not award Doller credit for the time that he spent at liberty on parole.[9] Doller was held solely on the Board's detainer on April 20, 2017, then arrested on new charges on April 21, 2017. It is well-settled that "time spent in custody pursuant to a detainer warrant shall be credited to a [CPV's] original term . . . only when the parolee was eligible for and had satisfied bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant lodged against him." *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980). Doller was in custody solely on the Board's detainer from April 20 to April 21, 2017, and the Board accordingly granted him credit on his original sentence for that day. Thereafter, Doller was held in custody on his new charges, for which he did not post bail. Adding the unserved portion of Doller's sentence, minus the one day of credit—5,477 days—to Doller's recommitment date—April 17, 2018— yielded a maximum release date of April 15, 2033. (C.R. at 119, 136.) There was no error in the Board's calculation.

---

[9] The Board provided an explanation for its decision not to award Doller credit for his time spent at liberty on parole, in compliance with its obligation to exercise discretion under 61 Pa.C.S. §6138(a)(2.1) (absent certain exceptions, the Board "may, in its discretion, award credit to a [CPV] for the time spent at liberty on parole . . ."), and in accordance with the mandate of *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017). Doller does not challenge the Board's decision in this regard.

Finally, Doller argues that the Board violated his due process rights by denying him counsel prior to his parole revocation, and that he should have been provided with a hearing to determine whether he in fact requested counsel, or whether he was pressured into waiving his right to counsel. Doller suggests that, because there is no evidence in the record as to whether he was coerced into signing the waiver of his right to counsel, the Board's decision was arbitrary and capricious, and therefore reflects an error of law. (Doller's Br. at 11.) Doller's claim is without merit.

This Court has held:

> In order to effectuate a knowing and voluntary waiver in [Board] cases, all that is required is for the Board to show that it followed its own regulations and provided the necessary information to the offender prior to the offender signing the written waiver form. The waiver need not be effectuated in an 'on the record colloquy.' Rather, as here, execution of the Board's form is sufficient.

*Fisher v. Pennsylvania Board of Probation and Parole*, 62 A.3d 1073, 1075 (Pa. Cmwlth. 2013) (quoting *Prebella v. Pennsylvania Board of Probation and Parole*, 942 A.2d 257, 261 (Pa. Cmwlth. 2008)). "A parolee's waiver of counsel is deemed informed and voluntary if . . . the parolee is informed of [his] right to counsel, provided the name and address of the appropriate public defender, and gives his written statement that he has been fully advised of this right and waived it out of his own free will." *Prebella*, 942 A.2d at 261 (citing *Roblyer v. Pennsylvania Board of Probation and Parole*, 609 A.2d 884 (Pa. Cmwlth. 1992); *Hill v. Pennsylvania Board of Probation and Parole*, 492 A.2d 80 (Pa. Cmwlth. 1985)). The Board's regulations require that, prior to recommitment as a CPV, the parolee must be notified of "[t]he right to retain counsel" for the revocation hearing, "the right to free counsel if unable

to afford to retain counsel," "the name and address of the public defender," and "[t]here is no penalty for requesting counsel." 37 Pa. Code §71.4(2)(ii)-(iii).

As noted above, Doller signed numerous waivers of his rights before the Board, including a waiver of his right to counsel. *See supra* notes 2-5. Relevant here, Doller waived his right to a revocation hearing and his right to the assistance of counsel at that hearing. *See supra* note 5. This waiver provided that Doller had been "advised of [his] rights to a parole revocation hearing and counsel at that hearing"; "that there is no penalty for requesting counsel"; "that free counsel is available if [he] cannot afford to retain counsel"; and that he had "been provided with the name and address of the local public defender." (C.R. at 64.) The waiver specified that Doller waived his right to counsel "[w]ith full knowledge and understanding of these rights," and that he did so "of [his] own free will, without any promise, threat or coercion." *Id.*

The language of this waiver was clear, and it fully complied with the requirements of 37 Pa. Code §71.4(2)(ii)-(iii). *See Fisher*, 62 A.3d at 1075; *Prebella*, 942 A.2d at 261. Doller has not asserted that he was unable to read or understand the waiver. Moreover, Doller did not, prior to appeal, seek to withdraw his waiver of counsel. By signing the waiver form, Doller affirmed that he was "informed of [his] right to counsel, provided the name and address of the appropriate public defender, and [gave] his written statement that he ha[d] been fully advised of this right and waived it out of his own free will." *Prebella*, 942 A.2d at 261. Consequently, his waiver of counsel "is deemed informed and voluntary." *Id.*

In sum, the Board's computation of Doller's maximum release date was supported by substantial evidence, as was its determination that Doller waived his

8

right to counsel. Because Doller's appeal presents no meritorious basis to disturb the Board's decision, the order of the Board is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bryan Doller,                                           :
                    Petitioner                          :
                                                        :    No.  608 C.D. 2020
          v.                                            :
                                                        :
Pennsylvania Parole Board,                              :
                    Respondent                          :

## *ORDER*

AND NOW, this 20th day of July, 2021, the May 28, 2020 order of the Pennsylvania Parole Board is AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge