# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andrew Nesmith,               :
             Petitioner      :
                             :
        v.               :   No.  1237 C.D. 2021
                             :   Submitted:  November 23, 2022
Pennsylvania Parole Board,    :
             Respondent   :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE STACY WALLACE, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                  FILED:  February 13, 2023

Andrew Nesmith (Nesmith) petitions for review (Petition) of an order of the Pennsylvania Parole Board (Board) establishing his parole violation maximum date. Additionally, Nesmith's appointed counsel, David Crowley, Esq. (Counsel), has filed an application to withdraw appearance (Application to Withdraw). After review, we grant Counsel's Application to Withdraw and affirm the Board's order.

## I.    Factual and Procedural History

Nesmith is in the custody of the Department of Corrections (DOC) at the State Correctional Institution (SCI) at Benner Township. In 2015, the Lehigh County Court of Common Pleas (Lehigh County) and the Montgomery County Court of Common Pleas (Montgomery County) each convicted Nesmith of one count of retail

theft. In 2016, Lehigh County convicted Nesmith of an additional count of retail theft. For these three convictions, Lehigh County sentenced Nesmith to time served as a county parole violator (VOP sentence) on a previous 1997 retail theft conviction and sentenced him to a consecutive 11 months and 7 days to 5 years of incarceration. Certified Record (C.R.) at 1. Montgomery County sentenced him to a concurrent 190 days to 1 year 11 months of incarceration. *Id*. When determining Nesmith's minimum release and sentence maximum dates, DOC made two calculations to address the fact the Montgomery County sentence was concurrent to the Lehigh County VOP sentence. Aggregating the Lehigh County sentence and its VOP sentence resulted in a maximum sentence date of November 17, 2021. Aggregating the Lehigh County and Montgomery County sentences yielded a maximum sentence date of May 8, 2022.

Nesmith appealed the Lehigh County VOP sentence revoking his parole and ordering him to serve his remaining balance. *Id*. at 60. On January 31, 2017, the Superior Court reversed the judgment of sentence. *Id*. DOC did not remove this reversed sentence or change its previous calculation when it amended its sentence status summary in October 2018. To the extent this was error, it does not impact this appeal as it underlaps the aggregated Lehigh County and Montgomery County sentence. *Id*. at 13.

On June 25, 2019, the Board released Nesmith on parole from the aggregated Lehigh and Montgomery County sentence. *Id*. at 17-18. Two sentence maximum dates appeared on his parole order: November 17, 2021 and May 8, 2022. *Id*. at 17.

On September 10, 2019, the Board detained Nesmith following arrests on new criminal charges of retail theft in two counties. *Id*. at 22-23. On October 7, 2019, Nesmith proceeded, pro se, through a detention hearing at SCI Phoenix. *Id*. at 26.

At the hearing Nesmith argued he should no longer be on parole. *Id*. at 63. He introduced as exhibits the decision of the Superior Court reversing the Lehigh County VOP sentence as well as the Montgomery County sentencing order to establish the sentence imposed was time served to 23 months of incarceration and consecutive probation. *Id*. The Board informed Nesmith that its hearing division does not calculate time credit, but the documents he submitted would be "reviewed by the appropriate department to determine if in fact he has completed his sentence." *Id*. at 65.

Based on his 2019 arrests for retail theft, Berks County detained Nesmith in lieu of bail on October 29, 2019 and the Delaware County Court of Common Pleas (Delaware County) detained him in lieu of bail on October 31, 2019. *Id*. at 171, 183. On January 2, 2020, Delaware County sentenced Nesmith to 8 to 24 months of incarceration on his conviction for theft. *Id*. at 89. On March 13, 2020, Nesmith requested a continuance of his March 18, 2020 revocation hearing until March 24. *Id*. at 72. On March 24, 2020, Nesmith requested further continuation of his hearing to await disposition of the Berks County criminal charges. *Id*. at 73-74. On May 26, 2020, Berks County sentenced Nesmith to 6 to 23 months of incarceration with 211 days credit. *Id*. at 85. Pursuant to the Berks County sentencing order, Nesmith would be "released without a petition, upon approval of a suitable parole plan by the Berks County Parole Office." *Id*. at 85.

On July 9, 2020, Nesmith proceeded through a panel revocation hearing before a hearing examiner and Board Member. *Id*. at 118-19. At the hearing, Nesmith argued the Montgomery County sentence had expired and he questioned why he was "in a hearing in which I don't think I'm supposed to be in." *Id*. at 143-

3

44. He asked to introduce the Superior Court decision reversing the Lehigh County VOP sentence. *Id*. at 145.

In response to Nesmith's arguments and evidence request, the hearing examiner responded it was not the correct venue to pursue his claims and advised Nesmith the parties were "(t)here for a revocation hearing." *Id*. at 146. The hearing examiner further advised Nesmith the proper venue to pursue his claims was through the Board's "Central Office." *Id*. at 146.

On July 22, 2020, the Board recommitted Nesmith to SCI at Benner Township as a parole violator. *Id*. at 189. The Board sentenced him to 9 months of backtime,[1] awarded him credit for the 77 days he was at liberty on parole, and reset the sentence maximum date to January 25, 2023. *Id*. at 189-91. Under the recommitment he was not eligible for reparole until February 26, 2021. *Id*. at 191.

On August 20, 2020, Nesmith timely filed a counseled administrative appeal averring the Board "failed to credit his original sentence with all the credit to which he was entitled." *Id*. at 205. Nesmith also filed a pro se administrative remedies form presenting the same argument as the counseled administrative appeal and challenging the recalculation of his parole violation maximum date. *Id*. at 208-11.

On November 13, 2020, the Board denied Nesmith reparole. *Id*. at 200. Again on May 7, 2021, the Board denied him reparole. *Id*. at 202. On October 22, 2021, the Board denied the administrative appeal. *Id*. at 232. Nesmith appeals the denial of his administrative appeal.

---

[1] Backtime is "that part of an *existing* judicially-imposed sentence which the Board directs a parolee to complete following a finding after a *civil* administrative hearing that the parolee violated the terms and conditions of parole, which time must be served before the parolee may again be eligible to be considered for a grant of parole." *Krantz v. Pennsylvania Board of Probation and Parole,* 483 A.2d 1044, 1047 (Pa. Cmwlth. 1984) (emphasis in original).

On March 24, 2022, Counsel filed an Application to Withdraw and a *Turner* letter (*Turner* Letter).[2] On March 28, 2022, this Court ordered it would consider the Application to Withdraw along with the merits of the Petition. It further provided Nesmith may obtain substitute counsel or file a brief on his own behalf. Nesmith filed two applications for an extension of time to file, which this Court granted, but no counsel entered an appearance on his behalf, and he did not file a brief in support of his Petition.

## II.     Discussion

Nesmith argues the Board erred in recalculating his parole violation maximum date by failing to credit his original sentence with all the time to which he was entitled. He requests this Court vacate the order of the Board establishing the parole violation maximum date and remand the matter to the Board to apply the correct confinement credit.

Before we address the merits of this case, we must first address Counsel's *Turner* Letter and application to withdraw. Where a petitioner seeks review of a Parole Board determination, the Court will permit counsel to withdraw if we conclude the issues raised on appeal are meritless. *Zerby v. Shanon*, 964 A.2d 956, 960-61 (Pa. Cmwlth. 2009) (relying on *Commonwealth v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988)). To properly withdraw, appointed counsel must submit a *Turner* letter that "detail[s] the nature and extent of his review and list[s] each issue the

---

[2] We use the term "*Turner* letter" in reference to our Supreme Court's decision in *Commonwealth v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988), in which the Court set forth "the appropriate procedures for withdrawal of court-appointed counsel in collateral attacks on criminal convictions." In a matter such as this, where petitioner challenges the recalculation of his parole violation maximum date, has no constitutional right to counsel, and counsel determines the case lacks merit, counsel may file a *Turner* letter seeking leave of court to withdraw representation. *Zerby v. Shanon*, 964 A.2d 956, 960-61 (Pa. Cmwlth. 2009).

5

petitioner wished to have raised, with counsel's explanation of why those issues [are] meritless." *Turner*, 544 A.2d at 928. Where counsel satisfies the *Turner* requirements, we conduct an independent review of the issues raised and, if we concur in counsel's assessment, leave to withdraw may be granted. *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996).

Here, Counsel's letter satisfies *Turner's* technical requirements. It contains a recitation of the relevant factual and procedural history and indicates that Counsel based his assessment "on his review of the certified record, the notes of his meetings with Mr. Nesmith at the State Correctional Institution at Benner Township, and subsequent phone calls and correspondence." *Turner* Letter at 1. Counsel notes the nature of Nesmith's petition for review is a "challenge[] to the Board's recalculation of his parole violation maximum date." *Id*. Counsel states that "[i]n preparing the appellate brief in the above-referenced matter, counsel has come to the unfortunate conclusion that the issue raised in the petition for review lacks merit and that there exists no legal basis to challenge the Board determination." *Id*. Further, Counsel provided Nesmith "a copy of the Board's record and [C]ounsel's appraisal of the merits of the appeal." *Id*. Because Counsel satisfied *Turner's* procedural requirements for withdrawal, we now review the merits of Nesmith's Petition.

Our review "determines whether the Parole Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated." *Smoak v. Talaber*, 193 A.3d 1160, 1163 n.2 (Pa. Cmwlth. 2018); Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

6

The Prisons and Parole Code[3] provides, if the Board revokes parole, "the offender shall be recommitted to serve the remainder of the term which the offender would have completed to serve had the parole not been granted and, …., shall be given no credit for time at liberty on parole."  61 Pa.C.S. § 6138(a)(2).  The remainder of the term is the difference between the original sentence expiration maximum date and the parole release date.  The Board released Nesmith on parole on June 25, 2019, and he was to remain on supervision until May 8, 2022, the sentence maximum date.  C.R. at 15-16.  The difference between the June 25, 2019 release date and the sentence maximum date of May 8, 2022 was 1,048 days.

After the Board determines the unserved balance of the original sentence, it must reduce the balance by any time it detains a parolee on a Board warrant.  *Gaito v. Pa. Bd. of Prob & Parole,* 171 A.2d 759, 761 (Pa. 2017).  The Board detained Nesmith on a Board warrant from September 10, 2019, until Berks County detained him in lieu of bail on October 29, 2019, or 49 days. This reduced the remainder of his unserved balance to 999 days.  The Board, in its discretion, also awarded Nesmith credit for the 77-day period between his June 25, 2019 parole release date and his September 10, 2019 arrest on a Board warrant. This credit further reduced the unserved balance of his original sentence to 922 days.  C. R. at 189.

Because Nesmith was paroled from SCI Smithfield and recommitted to SCI Benner Township, Nesmith was required to serve the balance of his previous sentence before beginning the Delaware County sentence of 8 to 24 months of incarceration.  The Prisons and Parole Code provides, when a new sentence is imposed, "the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed …

---

[3] 61 Pa. C.S. §§ 101-7301.

[i]f a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution." 61 Pa.C.S. § 6138(a)(5)(i). However, backtime does not begin to run automatically when the Board revokes parole. *Snyder v. Pa. Bd. of Prob. & Parole*, 701 A.2d 635, 636 (Pa. Cmwlth. 1997). Rather, a parolee does not become "available" to serve backtime until he is sentenced on the new charge. *Id.* at 637. Nesmith was not sentenced on the new charges until July 17, 2020, the date the Board member executed the Revocation Hearing Report. *Wilson v. Pa. Bd. of Prob. & Parole*, 124 A.3d 767, 767-68 (Pa. Cmwlth. 2015). Adding the unserved balance of 922 days to the date of July 17, 2020, yields a parole violation maximum date of January 25, 2023. This is the date appearing on the Board's decision to recommit, and we conclude the Board calculated it correctly.

## III. Conclusion

Based on the foregoing analysis, we conclude Counsel fulfilled the requirements of *Turner,* and our independent review confirms the Board properly calculated Nesmith's parole violation maximum date.[4] Accordingly, we grant Counsel's Application to Withdraw and affirm the Board's order.

.

_____
STACY WALLACE, Judge

---

[4] Nesmith did not file a brief, but to the extent the *Turner* letter sets forth his assertion of error in the sentencing orders, relief for a claim a sentencing order unfairly impacted the DOC's structure of a sentence lies in the sentencing court, "as that judge is in the best position to know what was intended in pronouncing sentence." *Commonwealth v. Isabell*, 467 A.2d 1287 (Pa. 1983). Counsel included in his *Turner* letter that Nesmith "repeatedly eschewed [his] advice to withdraw the instant appeal and seek habeas relief in the Montgomery County Court of Common Pleas." *Turner* Letter at 9.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andrew Nesmith,               :
            Petitioner     :
                              :
       v.                 :   No.  1237 C.D. 2021
                              :
Pennsylvania Parole Board,    :
            Respondent   :

# **O R D E R**

     **AND NOW**, this 13th day of February, 2023, David Crowley, Esq.'s Application to Withdraw Appearance is **GRANTED,** and the Pennsylvania Parole Board Order dated October 22, 2021 is **AFFIRMED**.

_____
STACY WALLACE, Judge