IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Isaac Alexander Gonzalez,        :
              Petitioner       :
                                   :
      v.                          :
                                   :
Pennsylvania Parole Board,        :     No. 1509 C.D. 2024
              Respondent    :     Submitted: February 3, 2026

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE STELLA M. TSAI, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                   FILED: March 16, 2026

Isaac Alexander Gonzalez (Gonzalez) petitions for review of an October 11, 2024 Decision of the Pennsylvania Parole Board (PPB) that denied his request for administrative relief, thus finalizing the May 3, 2024 Decision of the PPB recommitting Gonzalez to a state correctional institution (SCI) for 18 months. Gonzalez's appointed counsel, Kent D. Watkins, Esquire (Attorney Watkins), has also filed an application to withdraw. After thorough review, we affirm the PPB's Decision and grant Attorney Watkins's application to withdraw.

## I. Background

On March 10, 2014, Gonzalez was sentenced to a prison term of 3 to 8 years after pleading guilty to charges of drug manufacture, sale, delivery or possession with intent to deliver. Certified Record (C.R.) at 1. He was also sentenced to a 3- to 8-year sentence for criminal conspiracy and drug manufacture,

sale, delivery, or possession with intent to deliver. *Id.* Gonzalez's minimum sentence date was November 1, 2016, and his maximum sentence date was November 1, 2021. *Id.* On February 15, 2017, the PPB granted Gonzalez parole, and he was released on March 12, 2017. *Id.* at 9.

On November 12, 2018, police officers observed Gonzalez parked next to a known drug offender's vehicle. C.R. at 19. Thereafter, Gonzalez entered the known individual's vehicle and was seen placing an item in the glove compartment before returning to his car and driving away. *Id.* A search of the known individual's vehicle yielded a vacuum sealed bag of crystal methamphetamine in the glove compartment, and Gonzalez was subsequently arrested by the Homeland Security Task Force. *Id.* On November 13, 2018, the Homeland Security Task Force notified the PPB of Gonzalez's arrest, and the PPB issued a warrant to commit and detain Gonzalez due to violation of his parole. *Id.* at 13.

Gonzalez was detained at Federal Detention Center (FDC) Philadelphia pending federal charges. C.R. at 21. On November 29, 2018, Gonzalez stipulated to pre-trial detention, did not post bail, and was not released on the federal charges. *Id.* at 19 & 63. He pled guilty to one count of Possession with Intent to Distribute 50 grams or more of Methamphetamine on June 21, 2019, and was sentenced to 96 months at FDC Philadelphia. *Id.* at 21.

On February 1, 2024, Gonzalez was returned to SCI-Smithfield to serve the rest of his original state sentence. C.R. at 30. A revocation hearing was held on March 19, 2024, at which Gonzalez was represented by Attorney Watkins, a public defender. *Id.* at 17. At the hearing, Gonzalez acknowledged that he committed the federal offense. *Id.* at 38. After the hearing, the PPB recommitted Gonzalez as a

convicted parole violator to serve a recommitment period of 18 months and awarded Gonzalez credit for time spent at liberty on parole. *Id.* at 70 & 72.

On May 3, 2024, the PPB issued a decision recalculating Gonzalez's maximum sentence date to January 4, 2027. C.R. at 70. The PPB's worksheet stated that Gonzalez was awarded 611 days of credit for time spent at liberty on parole between March 12, 2017, and November 13, 2018. *Id.* He was given backtime credit for the 16 days he spent held solely on the PPB's detainer between November 13, 2018, and November 29, 2018. *Id.* 70 & 91. The PPB also calculated that Gonzalez still owed 1,068 days of backtime as a convicted parole violator based on the federal offense. *Id.* at 70-71. Therefore, based on Gonzalez's return on February 1, 2024, his recomputed maximum sentence date was January 4, 2027. *Id.* at 70.

Attorney Watkins filed a timely administrative remedies form where he contested the timeliness of Gonzalez's revocation hearing, the order of service of Gonzalez's federal and state sentences, and the PPB's May 3, 2024 calculation of credit. C.R. at 74-75. The PPB denied Gonzalez's request for administrative remedies on October 11, 2024. *Id.* at 91-93. The PPB explained that it properly calculated Gonzalez's time credit because he was solely held on the PPB's detainer for 16 days and that, while Gonzalez should have served his state sentence first pursuant to Section 6138(a)(5.1) of the Prisons and Parole Code, 61 Pa.C.S. § 6138(a)(5.1), the PPB did not have the authority to compel the Bureau of Prisons to return an inmate. *Id.* at 91-92.

On November 7, 2024, Attorney Watkins filed a timely appeal with this Court on Gonzalez's behalf. Pet. for Review at 1. In March 2025, after this Court issued a briefing schedule, Attorney Watkins filed an application to withdraw as counsel and a *Turner/Finley* letter (*Turner* Letter) asserting that Gonzalez's appeal

lacked merit pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).[1] The letter also contained a statement advising Gonzalez of his rights by copy of the letter, including his right to obtain new counsel at his own expense or file a brief on his own behalf. *Turner* Letter at 13. This Court's docket contains a certificate of service confirming that Attorney Watkins sent a copy of the *Turner* letter to Gonzalez. Certificate of Serv., filed 3/19/25. This Court also issued an order reiterating Gonzalez's right to obtain replacement counsel at his own expense or file a brief and directing that his brief, if any, must be filed by April 4, 2025. Cmwlth. Ct. Order, 3/21/25. No new counsel has entered an appearance, and Gonzalez has filed no brief. This matter is now ripe for review.

## II. Issues

On review,[2] Gonzalez first claims that the PPB failed to hold a revocation hearing in a timely manner, thereby violating his due process rights. *See* Pet. for Review at 5; *Turner* Letter at 9-10. Gonzalez next claims that the PPB failed to give him credit for all time served "exclusively pursuant to the [PPB's] warrant or while incarcerated." Pet. for Review at 2. Specifically, Gonzalez maintains that the improper order of service of his federal sentence before his state sentence

---

[1] In *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), the Pennsylvania Supreme Court held that "[w]hen, in the exercise of his professional judgment, counsel determines that the issues raised under the PCHA are meritless, and when the PCHA court concurs, counsel will be permitted to withdraw and the petitioner may proceed pro se, or by privately retained counsel, or not at all." *Id.* at 928-29. The commonly used moniker of "*Turner/Finley*" letters refers to that decision and to *Pennsylvania v. Finley*, 481 U.S. 551 (1987).

[2] This Court's standard of review is "limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence." *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013).

4

affected the calculation of his backtime owed on his original sentence. *See Turner Letter* at 9. Relatedly, Gonzalez also asserts that he should be awarded credit for all time spent in federal custody after the PPB's issuance of its warrant. *Id.* at 8. Lastly, Gonzalez argues that the PPB abused its discretion by failing to award him credit for all time spent at liberty on parole. Pet. for Review at 2.[3]

### III. Discussion

### A. Application to Withdraw

Before addressing the validity of the substantive arguments, this Court must first assess the adequacy of the *Turner* letter. As this Court has explained: "A *Turner* letter must include an explanation of the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless." *Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1207 (Pa. Cmwlth. 2020) (internal citations, quotation marks, and original brackets omitted). The letter must include "substantial reasons" to support counsel's conclusion as to why petitioner's arguments are meritless. *Zerby v. Shanon*, 964 A.2d 956, 962 (Pa. Cmwlth. 2009). After independent review by this Court, counsel will be permitted to withdraw if this Court agrees with counsel that the petition is meritless. *Anderson,* 237 A.3d at 1207. However, if the letter fails on technical grounds, this Court must "deny the request for leave to withdraw, without delving into the substance of the underlying petition for review, and may

---

[3] While the Petition for Review contained only general objections, "the omission of an issue from the statement [of objections in a petition for review] shall not be the basis for a finding of waiver if the court is able to address the issue based on the certified record." Pa.R.A.P. 1513(d)(5); *see also Pataski v. Pa. Bd. of Prob. & Parole* (No. 584 C.D. 2019, filed April 13, 2020); 210 Pa. Code § 69.414(a) (unreported memorandum opinions of this Court issued after January 15, 2008, may be cited for their persuasive value).

5

direct counsel to file either an amended request for leave to withdraw or a brief on behalf of their client."[4] *Id.*

## 1. Technical Requirements for Withdrawal

Counsel must satisfy the technical requirements for withdrawal of representation by (i) notifying the petitioner of counsel's request to withdraw; (ii) providing the petitioner with a copy of counsel's *Turner* letter; and (iii) advising the petitioner **on the record** of the petitioner's right to retain new counsel or proceed *pro se* to raise any points he may deem worthy of consideration. *See Zerby*, 964 A.2d at 960. There exists a duty of candor to this Court and these requirements cannot be fulfilled through a mere attestation; as enforced by the Superior Court, requisite documentation must be provided to protect the rights of indigent inmates and to "relieve[] this Court of . . . assum[ing] counsel's rightful burden." *Commonwealth v. Rivera* (No. 1713 MDA 2024, filed November 4, 2025).[5] The Superior Court has determined that

> [w]hen counsel files a petition to withdraw as PCRA counsel with this Court in conjunction with a *Turner/Finley* no-merit brief, a technical prerequisite of *Turney/Finley* mandates that counsel's petition to withdraw **demonstrate that the petitioner received a copy of** the *Turner/Finley* no-merit brief, a copy of counsel's

---

[4] We note that the Superior Court utilizes different terminology; it refers to *Turner* "briefs" instead of *Turner* "letters."

[5] Similar to unreported memorandum opinions of this Court, unpublished non-precedential memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value. Pa.R.A.P. 126(b). Although not binding on this Court, decisions of the Superior Court may be cited as persuasive authority where they address analogous issues. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

6

petition to withdraw, and a statement advising the petitioner of the right to proceed *pro se* or by new counsel.

*Commonwealth v. Davis* (No. 1206 EDA 2020, filed September 16, 2021) (emphasis added) (citing *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007)); *see also Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005) (noting that correspondence sent to petitioner explaining petitioner's rights must be on the record before the Court).

Attorney Watkins attested in his *Turner* letter that he had concluded that Gonzalez's appeal was meritless and petitioned to withdraw. *Turner* Letter at 13. Further, Attorney Watkins included that "[b]y copy of this letter, I am advising Mr. Gonzalez of his right to retain substitute counsel, if he so desires, and of his right to raise any points which he may deem worthy of merit in a pro se brief filed with this Honorable Court." *Id.* The Certificate of Service filed with this Court also demonstrates that the *Turner* letter and Application to Withdraw as Counsel were sent via first class mail to Gonzalez on March 19, 2025. Certificate of Serv., filed 3/19/25. This Court thereafter issued an Order notifying Gonzalez of his right to retain new counsel or file a brief on his own behalf. *See* Cmwlth. Ct. Order, 3/21/25. Attorney Watkins attested that he served Gonzalez with a copy of the March 21 Order. *See* Certificate of Ser., filed 3/24/25. Accordingly, Attorney Watkins complied with the technical requirements set forth in *Zerby*, 964 A.2d at 960, and filed on the record evidence of service upon Gonzalez of the requisite information.

## 2. Substantive Requirements for Withdrawal

Next, we consider whether Attorney Watkins sufficiently reviewed and addressed each issue Gonzalez wished to have raised and explained why those issues are meritless. *See Turner*, 544 A.2d at 928. First, Attorney Watkins agreed with the

PPB that Gonzalez's revocation hearing was timely because Gonzalez was in the custody of the Federal Bureau of Prisons, which made him unavailable for a revocation hearing until he was returned to a state correctional institution on February 1, 2024. *Turner* Letter at 4. Thereafter, Gonzalez's revocation hearing was held on March 19, 2024, within the 120-day time limit upon his return to state custody. *Id.* at 6; 37 Pa. Code § 71.4(1)(i).

Next, Attorney Watkins agreed with the PPB that Gonzalez was properly credited for all time spent at liberty on parole. *Turner* Letter at 7. Attorney Watkins addressed the 611 days Gonzalez received while on parole from March 12, 2017, to November 13, 2018, and the 16 days of backtime credit from November 13, 2018, to November 29, 2018. *Id.* He also acknowledged that Gonzalez owed 1,068 days of backtime and that Gonzalez's effective date of return was February 1, 2024, making the recomputed maximum sentence date January 4, 2027. *Id.*

Attorney Watkins also addressed the PPB's proper calculation of 16 days' backtime credit after the PPB lodged a detainer against Gonzalez, because Gonzalez never posted bail while in federal custody and was released on his federal sentence. *Turner* Letter at 8; *see Gaito v. Pa. Bd. of Prob. & Parole*, 563 A.2d 545, 547 (Pa. Cmwlth. 1989) ("Time spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term only when the parolee was eligible for, and had satisfied, bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant against him.").

Next, Attorney Watkins accepted the PPB's position that Gonzalez could not have served his original sentence first, as mandated by Section 6138(a)(5.1) of the Prisons and Parole Code, 61 Pa.C.S. § 6138(a)(5.1), because the PPB does not have mechanisms to force the Bureau of Prisons to return inmates.

*Turner* Letter at 9; *see Stroud v. Pa. Bd. of Prob. & Parole*, 196 A.3d 667, 673 (Pa. Cmwlth. 2018) ("[T]his Court is not aware of any legal authority under which the [PPB] could have retrieved Stroud from federal custody in order to conduct his revocation hearing and serve his state sentence pursuant to 6138(a)(5.1) of the Parole Code.").

Lastly, Attorney Watkins addressed several propositions raised by Gonzalez that were unsupported by the record. *See Turner* Letter at 10-13. Attorney Watkins noted that there was nothing in the record to support Gonzalez's contention that he did not waive a preliminary hearing for his technical parole violation. *Id.* at 10. Further, Attorney Watkins addressed that there was nothing in the record to support Gonzalez's contention that he was temporarily returned to state custody after entering his federal guilty plea. *Id.* at 11. Finally, Attorney Watkins maintained that there was nothing in the record that demonstrated that the PPB delayed verification of Gonzalez's conviction. *Id.* at 12-13.

The *Turner* letter submitted by Attorney Watkins demonstrates that he considered all of Gonzalez's arguments, the entire record, and the relevant legal authorities. As such, we conclude that he engaged in sufficient review and adequately explained why Gonzalez's appeal is meritless. *See Turner*, 544 A.2d at 928. Accordingly, we next proceed to an independent review of the merits of the case. *See Zerby*, 964 A.2d at 960 ("[W]here counsel submits a petition and no-merit letter that do satisfy the technical demands of *Turner/Finley*, [the reviewing court] must then conduct its own review of the merits of the case.").

## B. Independent Review

### 1. Timeliness of Revocation Hearing

To satisfy the procedural due process rights of convicted parole violators (CPV), the PPB must ensure that parolees receive timely hearings upon being taken into custody for parole violations. *Dill v. Pa. Bd. of Prob. & Parole*, 186 A.3d 1040, 1044 (Pa. Cmwlth. 2018). Section 71.4(1) of the PPB's regulations, 37 Pa. Code § 71.4(1), provides that "a revocation hearing shall be held within 120 days from the date the [PPB] received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level[.]" However, if a parolee has not waived the right to a revocation hearing and is confined outside the jurisdiction of the Department of Corrections, such as confinement in a federal correctional institution, "the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility." *Id.* § 71.4(1)(i). Further, Section 71.5(a), 37 Pa. Code § 71.5(a), provides that "[i]f the parolee is . . . in Federal custody, the [PPB] may lodge its detainer but other matters may be deferred until the parolee has been returned to a State correctional facility in this Commonwealth."

Here, Gonzalez did not waive his right to a revocation hearing after being taken into federal custody for his new federal charge. *See* C.R. at 18 & 76. However, Gonzalez remained in federal custody to serve his sentence until February 1, 2024, when he was transferred to SCI-Smithfield. *Id.* at 30. Therefore, under Section 71.4(1)(i), 37 Pa. Code 71.4(1)(i), the 120-day time period could not begin running until February 1, 2024, when Gonzalez was returned to the jurisdiction of the Department of Corrections. His hearing occurred 47 days after his return to SCI-Smithfield on March 19, 2024. *Id.* at 17. Therefore, the hearing was not untimely

because it occurred within 120 days of Gonzalez's availability to the PPB. *See Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021, 1025 (Pa. Cmwlth. 2017) (explaining that a parolee's unavailability due to his confinement in a federal facility excuses the PPB's duty to hold a revocation hearing until the parolee is returned to an SCI).

### 2. Improper Order of Sentence Service

Under Section 6138(a)(5.1) of the Prisons and Parole Code, 61 Pa.C.S. § 6138(a)(5.1), "[i]f the offender is sentenced to serve a new term of total confinement by a Federal court or by a court of another jurisdiction because of a verdict or plea under paragraph (1), the offender shall serve the balance of the original term before serving the new term." The two terms must be served consecutively. *Id.* § 6138(a)(5). However, this Court has recognized that there exists no mechanism or "legal authority" under which the PPB can retrieve parolees "from federal custody in order to . . . serve [their] state sentence[s] pursuant to Section 6138(a)(5.1) of the Parole Code." *Stroud*, 196 A.3d at 673; *see also Brown*, 184 A.3d at 1027 (explaining that the PPB has no legal authority to take custody of a parolee when the parolee is otherwise unavailable). If the parolee remains in federal custody on new charges, "the period of time between arrest and sentencing, when bail is not satisfied [on the new criminal charge], must be applied toward the new sentence, and not to the original sentence." *Id.* at 674 (quoting *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348, 352 (Pa. Cmwlth. 2007)).

Gonzalez argues that the improper order of service of his sentences increased his maximum sentence and backtime owed. *See Turner* Letter at 5-6. However, Gonzalez was initially unavailable to serve his original sentence because

11

he was in federal custody from November 13, 2018, until February 1, 2024. C.R. at 21 & 30. Once Gonzalez became available to the PPB on February 1, 2024, the PPB awarded the applicable sentence credits and determined that Gonzalez still owed 1,068 days on his original sentence. *Id.* at 70. As such, Gonzalez's new maximum sentence date of January 4, 2027, is proper because it was calculated based on Gonzalez's February 1, 2024, availability. *See Hughes v. Pa. Bd. of Prob. & Parole,* 179 A.3d 117, 120 (Pa. Cmwlth. 2018) (explaining that it is the maximum length of the sentence—not the maximum sentence date—that controls the recalculation of the sentence). Moreover, Gonzalez's initial unavailability does not entitle him to further credit on his original sentence; his federal confinement during the period between his new arrest and sentencing would have already been credited to his federal sentence, and Gonzalez does not assert otherwise. *See Stroud,* 196 A.3d at 674. Therefore, Gonzalez's maximum sentence was not negatively impacted by the order of his consecutive sentences.

### 3. Backtime Owed After PPB's Issuance of Warrant

When the PPB issues a detainer warrant against a parolee,

time spent in custody pursuant to [the] detainer warrant shall be credited to [the CPV's] original term . . . ***only when the parolee was eligible for and had satisfied bail requirements for the new offense*** and thus remained incarcerated only by reason of the detainer warrant lodged against him.

*Gaito,* 412 A.2d at 571 (emphasis added) (quoting *Rodriques v. Pa. Bd. of Prob. & Parole,* 403 A.2d 184, 185-86 (Pa. Cmwlth. 1979)). Thus, if a CPV is being held in custody solely because of a detainer lodged by the PPB, the time which he spent in custody shall be credited against his original sentence. *Id.* However, if a CPV

12

remains confined "because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence." *Id.* If the parolee is not convicted or no new sentence is imposed for the conviction on the new charge, the pre-trial custody time must be applied to the original sentence. *Id.* at 571 n.6.

Here, the PPB lodged a detainer against Gonzalez on November 13, 2018, after the Homeland Security Task Force informed the PPB of Gonzalez's arrest. C.R. at 13. He was thereafter held in federal custody on the PPB's detainer until November 29, 2018, when he stipulated to pre-trial detention and did not post bail. *Id.* at 63; *Turner* Letter at 8. Therefore, after November 29, 2018, Gonzalez could not be credited toward backtime on his original sentence because he was no longer held in federal custody solely on the PPB's warrant. As such, he was appropriately credited with 16 days of backtime for the duration of November 13, 2018, to November 29, 2018, when he was solely held on the PPB's warrant.

### 4. PPB's Abuse of Discretion

Upon revocation of parole, the offender must serve the remainder of the incarceration term and, as a general rule, "shall be given no credit for the time at liberty on parole." 61 Pa.C.S. § 6138(a)(2). However,

> [t]he board *may, in its discretion*, award credit to an offender recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:
>
> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence[.]

(ii) The offender was recommitted under section 6143 (relating to early parole of offenders subject to Federal removal order).

*Id.* at § 6138(a)(2.1) (emphasis added). Further, the Pennsylvania Supreme Court determined that Section 6138(a)(2.1) "clearly and unambiguously grants the [PPB] discretion to award credit to a [CPV] . . . except when the CPV is recommitted for the reasons stated in § 6138(a)(2.1)(i) and (ii)." *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 473 (Pa. 2017).

Here, Gonzalez argues that the PPB abused its discretion by failing to award him credit for all time spent at liberty while on parole. However, this argument is inapposite; Gonzalez was on parole for 611 days between the dates of March 12, 2017, and November 13, 2018, and the PPB correctly granted 611 days of credit. C.R. at 70. Further, as previously established, the PPB awarded Gonzalez the full extent of backtime credit that he was owed while he was held solely on the PPB's detainer. *Id.* at 70 & 91. Therefore, the PPB did not abuse its discretion by failing to award credit to Gonzalez because it awarded the maximum applicable credit to his sentence.

## IV. Conclusion

Based on the foregoing reasons, following our independent review of the record and applicable law, we agree with Attorney Watkins that Gonzalez's issues on appeal are meritless. Accordingly, we affirm the PPB's denial of the claims contained in Gonzalez's administrative appeal of the May 3, 2024 PPB Decision, and grant the Application to Withdraw.

_____
CHRISTINE FIZZANO CANNON, Judge

14

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Isaac Alexander Gonzalez, :
                    Petitioner :
                                     :
        v. :
                                       :
Pennsylvania Parole Board, : No. 1509 C.D. 2024
                    Respondent :

# **O R D E R**

AND NOW, this 16th day of March, 2026, the October 11, 2024 Decision of the Pennsylvania Parole Board is AFFIRMED.  The Application for Leave to Withdraw Appearance of Kent D. Watkins, Esquire, is GRANTED.

_____
CHRISTINE FIZZANO CANNON, Judge